OSCAR BAMBERGER and FERDINAND LOEB, Respondents, *v.*
ALFRED B. COOKE and Others, Appellants.

First Department, February 21, 1918.

Deposition — examination of defendants before trial — suit to
impress trust and for accounting — plaintiffs must establish
right to accounting before examination of defendants as to income
received from securities — securities as to which examination is
required must be specified — practice — order for examination
should not refer to moving papers.

Plaintiffs suing defendants for a decree declaring that they hold certain
stock as trustees for the plaintiffs and for an accounting thereof, are
not entitled to an examination of the defendants before trial as to the
dividends and income of the stock until they have established their right
to an accounting.

In any event the examination of the defendants before trial should be
limited to specified stocks and securities, and an order which permits
an unlimited and roving examination concerning any of the securities
dealt in by the defendants is improper.

Where the plaintiffs contend that the stocks and securities were stolen
from them and delivered to the defendants they should specify in their
moving papers what specific stocks and securities were stolen.

It is improper for the court to order an examination of the defendants
concerning matters referred to in specified folios of the affidavit upon
which the order is made, when the folios in the original and printed papers
are different, so that it is impossible to ascertain from the papers on
appeal the matters to which the examination is limited.

The practice of framing orders for examination before trial so that they
read " concerning the matters set forth in the annexed affidavit," or
" concerning the issues in this action," is improper.

APPEAL by the defendants, Alfred B. Cooke and others,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 16th day of January, 1918, grant-
ing a motion for their examination before trial.

*Edgar J. Bernheimer* of counsel [*Hollander & Bernheimer,*
attorneys], for the appellants.

*Ralph Wolf* of counsel [*Hays, Hershfield & Wolf,* attorneys],
for the respondents.

SHEARN, J.:

This is an appeal by the defendants from an order for their examination as limited at Special Term. The complaint alleges in substance that the plaintiffs were in 1917 and are the owners and holders " of certain stocks, bonds, securities and cash;" that "the same" were stolen from the plaintiffs and were delivered to the defendants who received "the said stocks, bonds, securities and cash" without consideration and with notice that plaintiffs were the owners and holders "thereof." Judgment is demanded that it be adjudged that the defendants hold " said stocks, bonds, securities and cash " and the dividends, interest and income therefrom or the proceeds thereof as trustees for the plaintiffs and account therefor. The order allows an examination concerning the allegations of plaintiffs' ownership, the theft, the receipt by the defendants, and lack of consideration, notice and concerning the dividends and income received therefrom. As to the dividends and income, the plaintiffs are clearly not entitled to any examination until they have established the right to an accounting. As to some of the other matters, an examination would be entirely proper if, under the complaint and affidavits, it could be directed and limited to any specified stocks, bonds or securities. The difficulty is that there is nowhere any such specification and the order would permit an unlimited and roving examination concerning any and all of the innumerable securities dealt in by the defendants. The plaintiffs should have specified either in their complaint or in the affidavit upon which the order for examination was made, the stocks, bonds and securities that were alleged to have been stolen from them and delivered to the defendants. Allegations of this vague and general nature do not constitute a sufficient statement of facts showing the relevancy and necessity of the examination. While examination of parties before trial is, as it should be, liberally allowed in furtherance of justice, care must be taken to see that it is not made unnecessarily vexatious and oppressive. That is the sole reason for requiring a statement of facts showing the necessity for the examination.

The order appealed from presents a question of practice which should be referred to. The original order for examina-

tion requires the defendants to " submit to an examination and testify concerning the matters set forth in the annexed affidavit, and concerning the matters, material and necessary to support the allegations of the complaint, put in issue by the answer herein." The order of the Special Term limits the examination " to the matters referred to in folios 13 and 14 of the affidavit upon which order was made." As the folios in the original papers and in the printed papers are different, it is impossible to ascertain from the papers on appeal the matters to which the examination was limited and the matters to which it was allowed. The difficulty was resolved in the instant case by counsel agreeing and setting forth in their briefs the matters included in the examination, according to their interpretation of the order.

The practice of framing those orders for examination so that they read " concerning the matters set forth in the annexed affidavit," or " concerning the issues in this action," is improper. It leads to innumerable motions and appeals, otherwise unnecessary, to obtain a modification of the order in order to procure a proper limitation of the examination. It would save much time, both of counsel and the courts, if the practice were followed of specifying in the order for examination, directly and not by reference, the matters concerning which the examination is to be had.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the order for examination vacated, without prejudice to a renewal of the application upon sufficient papers.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and order for examination vacated, without prejudice to renewal upon sufficient papers.