CENTRAL TRUST COMPANY OF NEW YORK, Plaintiff, *v.* CAMILLE WEIDENFELD, Appellant, Impleaded with AMERICAN LIGHT AND TRACTION COMPANY and FRANK SULLIVAN SMITH, Defendants, and DETROIT CITY GAS COMPANY, Respondent.

First Department, May 31, 1918.

**Deposition — examination of defendant before trial.**

Appeal from an order denying a motion to vacate an order for an examination of the defendant before trial. The action involved the title to stock which was deposited for the benefit of the stockholders of a certain corporation. Moving papers examined, and *held*, that the motion to vacate the order for examination should be granted with leave to the defendant to renew the same upon papers which shall specifically state the issues upon which defendant may be examined.

APPEAL by the defendant, Camille Weidenfeld, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1918, denying her motion to vacate an order for her examination before trial.

*Walter Jeffreys Carlin* of counsel [*Herman J. Witte* with him on the brief], for the appellant.

*Edward J. McGuire,* for the respondent.

SMITH, J.:

One Frank Sullivan Smith delivered to the plaintiff 20,000 shares of the capital stock of the Detroit Gas Light Company and 50,000 shares of the capital stock of the Michigan Gas Company, with a letter stating that such stock was deposited for the benefit of the stockholders of the Detroit Gas Company. The Detroit City Gas Company claims to be the owner of all of the capital stock of the Detroit Gas Company, and, hence, entitled to the benefits of the above deposit and to the delivery to it of such stock. The defendant Weidenfeld made claim to said stock, and the American Light and Traction Company, being the owner of the Detroit City Gas Company, as such owner claims that title to said stock is in the Detroit City Gas Company. The Central Trust Company of New

First Department, May, 1918.          [Vol. 183.

York, this plaintiff, has brought this action, asking the instructions of the court as to the delivery of the above stock.

The Detroit City Gas Company obtained an order for the examination of the defendant Weidenfeld in behalf of the Detroit City Gas Company. Upon motion to vacate that order, the order appealed from was made, which limited the examination provided for therein as follows:

" *First.* Said examination is to be limited to the issues set up in the answer of the defendant Detroit City Gas Company herein, upon which the said defendant has the affirmative, but not so as to cross-examine the defendant Weidenfeld upon the issues which said defendant must affirmatively prove.

" *Second.* The defendant Detroit City Gas Company may also examine the defendant Weidenfeld, so as to avoid the allegations of a fraudulent sale set up by the defendant Weidenfeld in his answer herein."

The answer of the defendant Detroit City Gas Company claiming the ownership of the stock in question is simple and the *prima facie* proof under its answer will apparently be very simple. The proof it may need to defeat the claims of the defendant Weidenfeld may be more complex and difficult. As to the first above, it would be entitled to examine the defendant Weidenfeld, if it should appear that he knew any fact necessary to prove the case of the Detroit City Gas Company. In the affidavit of that defendant on which the order for examination was granted, eight paragraphs of " facts and circumstances " are stated to be necessary for said defendant to prove by defendant Weidenfeld. A careful examination of each of the eight paragraphs discloses that no one of the " facts and circumstances " recited has to do with proof of the Detroit City Gas Company's right to the stock. The only one concerning which there might be any doubt is paragraph 5 and as to the facts there mentioned the only point material to the Detroit City Gas Company's *prima facie* case is the *delivery* of the stock in question to the Central Trust Company. This is admitted by all, but if it were not, whether the deposit was actually made by Mr. Weidenfeld, or Mr. Frank Sullivan Smith, or by an office boy, can have no relevancy or materiality as to the case of the Detroit City Gas Company. While it may be

desirable for the last-named defendant to show that the defendant Weidenfeld "physically delivered" the stock, that fact can only be material to assist in defeating defendant Weidenfeld's claim, and his testimony cannot be obtained in advance of trial for any such purpose.

As is stated above, the defendant Detroit City Gas Company's *prima facie* case appears to be very simple; in fact, all of the allegations of its connection with the stock in question seem to be admitted by *all* the parties by similar statements of those facts, except as to the fact of its ownership of the stock of the Detroit City Gas Company. If the defendant Weidenfeld has any knowledge concerning the last-mentioned fact, set out in an argumentative way in paragraphs XIV and XV of the answer of defendant Detroit City Gas Company, an examination as to such knowledge might be proper but the moving papers do not disclose any such knowledge. As to the pleas of the Statute of Limitations and the bankruptcy proceedings, it is sufficient to say that the testimony of defendant Weidenfeld in advance of the trial is not necessary or proper.

In the brief it is not shown that an examination of the defendant Weidenfeld is necessary to enable the defendant Detroit City Gas Company to prove its case, and it is quite apparent that, on the papers presented, the only purpose of the proposed examination is to defeat the claim of defendant Weidenfeld.

We see no ground upon which an order can be made authorizing the examination of Weidenfeld of matter in avoidance of the allegations of Weidenfeld as to the fraudulent sale set up by him in his answer. There nowhere appears to be in the papers any affirmative defense in avoidance of any such sale, and it is only as to such affirmative defense in avoidance that the Detroit City Gas Company would have a right to the examination. If such answer to Weidenfeld's claim of a fraudulent sale were set up in the answer, the order is too indefinite. In *Bamberger* v. *Cooke* (181 App. Div. 805), decided by this court on February 21, 1918, the rule of practice as laid down is that these examinations must specify directly and not by reference the matters concerning which the examination is to be had. This authority would also impair the first provision of the order and would require

that the specific issues upon which examination be had should be named.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to vacate the order for the examination is granted, with ten dollars costs, with leave to the Detroit City Gas Company to make a new motion .for the examination of the defendant Weidenfeld, which shall be limited as above suggested, and upon which the order shall specifically state the issues upon which the defendant Weidenfeld may be examined.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant Detroit City Gas Company to renew as stated in opinion.   Order to be settled on notice.