ABRAHAM GATNER, Plaintiff, *v.* JOSEPH LEVY and Another, Defendants.

Supreme Court, Kings County, October 5, 1926.

**Depositions — examination of defendant before trial in action in equity for an accounting — motion to vacate notice denied except as to production of books — pleadings — complaint — motion to dismiss not made within twenty days prescribed by Rules of Civil Practice, rule 107, denied.**

Defendant's motion to vacate a notice of examination of the defendant before trial in an action in equity for an accounting, is denied, except as to that part thereof which demands the production of books, since an examination as to damages cannot be had until an interlocutory judgment is rendered, directing an accounting.

Since the motion to dismiss the complaint was not made within the twenty days' limit prescribed by rule 107 of the Rules of Civil Practice, it is denied.

MOTIONS to dismiss amended complaint and to vacate notice for examination.

*William A. Blank,* for the plaintiff.

*Charles Winkelman,* for the defendant.

DIKE, J. There are two motions that may be here considered — one to dismiss the amended complaint; the other to vacate notice for examination. The records of this court show clearly that there has been a very rapid fire of activities preliminary to the settling of the issues for the trial herein, some phases of which preliminary moves have gone before the Appellate Division for consideration. The notice that is here attacked seeks to elicit the names of all defendants' clients in negligence cases, the amounts of their verdicts, settlements or compromises and the amount of disbursements involved between June 1, 1924, and December 14, 1925, and other items. It would appear from the pleadings that the action was in equity, plaintiff attempting to set aside a general release. The case of *Bamberger* v. *Cooke* (181 App. Div. 805) would uphold the principle that an examination should not be permitted on items of damage until an interlocutory decree has been had which established the plaintiff's right to an accounting. To a certain extent the merits of this application had already been passed upon. Mr. Justice CROPSEY made the following decision in a previous application: " Motion for inspection and discovery denied, with leave to renew if plaintiff does not obtain necessary facts from an examination of defendants before trial and an accompanying subpœna." Plaintiff is now seeking his examination before trial. The motion to vacate the notice of examination is, therefore, denied, except that the fourth subdivision, as to the production of books, etc., should be stricken out and not included in that examination. As to the motion to dismiss the complaint, that is denied, with ten dollars costs, because not made within the twenty days' limit governing rule 107 of the Rules of Civil Practice.