INDUSTRIAL BANK OF COMMERCE, Plaintiff, *v.* LEON RUBIN, Defendant.

Supreme Court, Special Term, New York County, April 14, 1955.

*Julius Droisen* for defendant.

*John J. Dwyer* for plaintiff.

WALTER, J. Now that the seventy-five years' war for great liberality in the allowance of examinations of parties before trial has been won, the most ardent advocates of such liberality are realizing that it is not an unmixed good, and that examinations before trial are imposing an onerous and costly burden upon lawyers and litigants as well as the courts.

In an effort to reduce that burden I am going to assume from now on that the liberality now achieved has rendered obsolete the rule laid down in *Bamberger* v. *Cooke* (181 App. Div. 805), and that, generally speaking and except in some rare instances, such, for example, as matrimonial actions, it is no longer necessary to frame " subjects " of examination beyond saying that the examination will be with respect to the material allegations of fact put in issue by the pleadings.

This possibly may increase somewhat the burden of ruling upon objections to questions upon the examination at Special Term, Part II, but, if so, that increase will be negligible in comparison with the time and labor saved by not having to frame detailed subjects of examination and in not having to read such subjects upon a horde of motions in Special Term, Part I. In fact, I believe that this practice will reduce by at least 90% the motions as to examinations before trial which now clog the calendars in Special Term, Part I.

This motion for examination of plaintiff before trial is accordingly granted without examination of the subjects of examination enumerated in the notice of motion, with the understanding that the examination is to be with respect to the material allegations of fact put in issue by the pleadings.

Books and papers relevant to the subjects of examination so allowed are to be produced upon the examination for use in accordance with section 296 of the Civil Practice Act. Let the examination proceed at Special Term, Part II, of this court on April 18, 1955, at ten o'clock in the forenoon.