Matthew M. Levy, J.
The complaint sets forth causes of action in fraud, negligence (not founded on personal injury or death) and conspiracy. The answers are general denials. *236 The plaintiff has served notices to examine certain defendants before trial ‘ ‘ upon the following matter: That the examination will be with respect to the material allegations of fact put in issue by the pleadings The respective defendants have moved to vacate such notices.
In view of the fact that, when rule 121-a of the Rules of Civil Practice was adopted in 1952, the Appellate Divisions seemed to have concluded that Bamberger v. Cooke (181 App. Div. 805 [1st dept., 1918]) and Fortgang v. Alpert (256 App. Div. 949 [2d dept., 1939]); (cf. Myers v. New York Cent. R. R. Co., 277 App. Div. 745 [3d dept., 1951]) should be rendered obsolete in specified negligence cases only (see Parsons v. Hadley Fashions, N. Y. L. J., Aug. 9, 1955, p. 9, col. 2; Stevens v. Mahony, N. Y. L. J., June 10, 1955, p. 8, col. 5; D'Andrea v. Donovan, N. Y. L. J., July 29, 1955, p. 6, col. 7; Nutkowitz v. Brown, N. Y. L. J., April 21, 1955, p. 11. col. 8; cf. Malus v. Sperry Corp., 282 App. Div. 939 [1st dept., 1953] affg. 133 N. Y. S. 2d 286), I have come to the conclusion that a blanket notice to examine an adversary before trial — to the effect, for example, that the party is to be “ examined with respect to the material allegations of fact put in issue by the pleadings ” — is inadequate in the instant type of case (but see Industrial Bank of Commerce v. Rubin, 207 Misc. 567).
Accordingly, the motion to vacate is granted, without prejudice to proceeding for the examination upon the basis of prescribed specification of “the matters” that are to be the subject of the depositions (Civ. Prac. Act, § 290). Order-signed.