Matthew M. Levy, J.
The action is in libel and slander. The parties are husband and wife who have been recently living separate and apart. Plaintiff husband claims that defendant wife is defaming him in his character as a person and in his profession as a doctor. Each of the parties has served notice to examine the other before trial, and the adversary has in each case moved to vacate.
Pretrial examinations in actions.for defamation are not generally favored in this department (Malus v. Sperry Corp., 133 N. Y. S. 2d 286, affd. 282 App. Div. 939; Rowland v. Stim, 147 N. Y. S. 2d 876, affd. 283 App. Div. 942). While limited examinations are allowed in appropriate cases (Bernhard & Co. v. Tobacco Leaf Pub. Co., 148 N. Y. S. 2d 639), this is not, in my view, that kind of case. Nor are general examinations before trial allowed in matrimonial actions — of which the case at bar is an unusual symptom (Tausik v. Tausik, 280 App. Div. 887; Field v. Field, 281 App. Div. 657; Hurwitz v. Hurwitz, 3 A D 2d 744; Bronx County, Supreme Ct. Buies, Trial and Special Terms, rule XX, subd. 6; New York County, Supreme Ct. Trial Term Bules, rule XI, subd. 6).
Moreover, each of the notices to examine is intrinsically bad. I shall not here detail the items in defendant’s notice. Suffice it to say that, in the absence of affirmative defense, defendant is not entitled to inquire into matters concerning truth and justification (see Billingsley v. Better Business Bur. of N. Y. City, 231 App. Div. 802; James v. Labanowski, N. Y. L. J., April 2, 1957, p. 9, col. 3). On the other hand, the legal vulnerability of plaintiff’s notice is, I think, apparent from its mere *599 reading: ‘ ‘ The defendant, on December 13th, 1955, and prior thereto, made false accusations against the plaintiff, who is a medical doctor, to third persons, at various places, among whom were patients of the plaintiff, orally, by written communication and personally, and all the attendant circumstances therein ’ ’ (cf. Bohlinger v. Rosenbaum, 6 Misc 2d 235).
The motions to vacate are respectively granted, and orders have been signed accordingly.