UNION CIRCULATION Co., INC., Respondent, v. HARDEL PUBLISHERS SERVICE, INC., et al., Appellants, et al., Defendants.

First Department, May 21, 1957.

36

*Irving Moldauer* for appellants.

*Robert E. Tinsley* of counsel (*Louis Jobrack* with him on the brief; *Friedland, Jobrack & Zurkow,* attorneys), for respondent.

*Per Curiam.* The order striking certain items from defendants' demand for a bill of particulars and granting plaintiff's examination of defendants and directing that such examination shall precede the service of plaintiff's bill of particulars is modified to strike the words "but the examination is limited to the issues raised by the pleadings", and is otherwise affirmed, with costs to plaintiff-respondent.

We take occasion, however, to comment on that portion of the order concerning the examination before trial which stated that "the examination is limited to the issues raised by the pleadings." Such language, because it is ambiguous, serves no useful purpose and should be discouraged. Its ambiguity arises since some may believe that the items of examination are being disregarded and that the pleadings alone are to define the scope of the examination. This, of course, is not permitted under the statute. (Civ. Prac. Act, § 290, subd. 4; 5 Carmody-Wait on New York Practice, p. 489; *Bamberger* v. *Cooke,* 181 App. Div. 805; *Meth* v. *Schloss,* 256 App. Div. 202.)\* The very purposes in requiring items as subjects of examination are: (1) to provide the one examined with adequate notice of the subjects of inquiry; and, (2) to reduce dispute and conflict with regard to the permissible scope of the examination. While in the framing of items the issues raised by the pleadings are determinative of the scope of examination, the parties at Special Term thereafter, in ruling upon objections, are entitled to rely upon the items ordered by Special Term as determinative of the scope of the examinations. Settle order.

BREITEL, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously modified, with $20 costs and disbursements to the respondent. The date for the examination to proceed shall be fixed in the order. Settle order on notice.

---

\* *Industrial Bank of Commerce* v. *Rubin* (207 Misc. 567) to the contrary, is not approved.