Owen McGtvern, J.
On this motion the plaintiffs request an examination before trial of the defendants, together with the production of books and documents, and further seek an order vacating or modifying several demands for bills of particulars, or if not vacated, that said bills be served after the plaintiffs have completed their examinations of the defendants.
In opposition thereto one of the defendants, Piel Bros., objects on the ground that the branch of the motion to vacate or modify is untimely as to them because they had refused to extend the time by stipulation; the other defendants do not urge this as they had consented to extensions of time. This contention of Piel Bros., predicated on the timeliness of the plaintiffs’ motion to vacate or modify the demand in the bill, is rejected.
By cross motions, the defendants ask for an examination before trial of the plaintiffs, prior to their examination before trial of the defendants, but after service of the bills of particulars by plaintiffs.
In general opposition to plaintiffs’ motion, the defendants argue that all of plaintiffs’ objections to defendants’ demands for particulars should be overruled, that plaintiffs be required to serve their bills prior to any examinations before trial, and that the defendants are entitled to priority of examinations in these cases. While the plaintiffs have challenged the propriety *1065 of various items of the demands for particulars and the requested examinations, the defendants have not questioned items, but do assert that the entire examinations of them should be denied.
The action on which these motions and cross motions are based charges a violation of section 340 of the General Business Law. It is alleged that six of the defendants, brewers of beer, entered into an arrangement to form an organization, the seventh defendant, Metropolitan Brewers Institute, to fix prices in restraint of trade and monopoly; injunctive relief and damages are demanded. The defendants deny the material allegations, particularly as to the alleged price-fixing arrangement, and set up defenses consisting of the Statute of Limitations.
Subdivision 8 of rule XI of the New York County Supreme Court Trial Term Rules states “ Where a party to be examined has made a timely demand or motion after joinder of issue for a bill of particulars, the party seeking the examination will generally be required to serve his bill of particulars before proceeding with the examination of the adverse party.” It is recognized this is subject to the discretion of the court, and may for good cause be disposed of otherwise. The amended complaint, which has successfully withstood attack by the defendants, contains 29 paragraphs and 9 demands for judgment. The defendants’ answers contain 15 paragraphs, and each has 6 separate and partial defenses. The individual demands for bills of particulars contain from 13 to 19 items with as many as 7 subdivisions, in all a total of approximately 225 items.
The plaintiffs have asked for an examination of all defendants as to 31 items and argue that the items are material and necessary due to the nature of the case, i.e., illegal monopoly, knowledge of which is allegedly within the singular possession of the defendants and of which the plaintiffs have no information. The defendants state that after exhaustive investigations, there is no basis for the charges made in the complaint and that the defendants have no facts within their knowledge concerning said charges. They do not question the individual items of the examination except to state in their brief that items A, B, and C, relating to the production of papers, indicate a “ fishing expedition”, as they are unlimited in both time and subject-matter. However, the professed lack of knowledge of a party does not bar an examination nor does a denial of the charges contained in the complaint; neither does the plaintiffs’ lack of knowledge; in fact, it may be a strong supporting reason for allowing an examination of defendants before trial (Evenga v. Herrick, 3 A D 2d 110, 112). The court is of the opinion that the plaintiffs are entitled to the examinations before trial, and *1066 that said examinations should be had prior to the service of the bills of particulars.
The rules of this court state that generally a bill must be served before the opposite party may have an examination. Also, the court may direct that a bill be served before the examination (and the plaintiffs state under oath that they do not have the knowledge at this time) and permit the service of a further bill after completion of the examination (Schlank v. East River Sav. Bank, 272 App. Div. 56). It is clear that most of the information sought herein is within the defendants’ knowledge and control, and no useful purpose would be served by requiring plaintiffs to serve the bills sought prior to the examinations (Zilboorg v. Zilboorg, 131 N. Y. S. 2d 122). Since conspiracy, if it does exist, is generally the result of a secret agreement between the conspiratorial parties it is not likely that others may know all the details. The court, from the papers submitted, believes that if a price-fixing* arrangement was effected, only the defendants do in fact know all the details, and in the interest of orderly procedure the plaintiffs should not be required to serve their bills until after the examinations of the defendants (Lustig v. Longchamps, Inc., 279 App. Div. 928). To require a bill of particulars in advance of obtaining the necessary information is futile. (Weber v. Columbia Amusement Co., 154 App. Div. 882.) Therefore, upon the termination of the examination, the plaintiffs should be able to furnish an accurate and comprehensive bill of particulars.
Accordingly, the examination before trial of the defendants, pursuant to the notice of motion, shall proceed at Special Term, Part II, of this court at 10:00 a.m., on October 8, 1957. The defendants will be examined by such officer, agent, or employee as may possess sufficient knowledge of the facts, and will be examined in the order in which they appear in the title of the action, and they will produce on the examination such books and papers as are necessary pursuant to section 296 of the Civil Practice Act. The examinations before trial of the plaintiffs will take place immediately following the conclusion of the defendants’ examinations pursuant to the notice of cross motions served by the defendants. It is also to be observed that this is an action in equity, and hence comes within subdivision 4 of rule XI of New York County Supreme Court Trial Term Rules. Compare Cornell v. Eaton (286 App. Div. 1124) wherein the court stated “ In an equity action no harm can come from a broad examination of a party, and the trial will be materially shortened to the extent that the facts are developed beforehand-”
*1067 Insofar as the plaintiffs’ motion seeks to vacate or modify defendants’ demands for bills of particulars, it is denied, without prejudice to renewal after the completion of plaintiffs’ and defendants’ examinations before trial. The plaintiffs are directed to furnish the bills or move in relation thereto within 10 days after completion of said examinations. Settle orders consistent with this decision.
(December 6, 1957.)
In this matter the defendants move by order to show cause to reopen the plaintiffs’ motion, heretofore granted for an examination before trial of the defendants, and to stay the settlement of the order therein, pending the determination of this motion. On the prior motion, the defendants had cross-moved for an examination of the plaintiffs and had argued the merits of their examinations and their right to priority. The court observed that the defendants had not questioned the individual items of the examination; they now ask that the court determine the propriety of the individual items. They assert that items 2 to 26 are a mere paraphrase of the complaint, that 27 to 30 are conclusory, and item 31 requesting the production of books and records is objectionable because of its unlimited scope. The defendants urge that orderly procedure required they first challenge the priority, and after disposition of that question, attack the form and substance of the examination. Without passing upon the correctness of this approach, in view of the fact that the propriety of the items has not actually been previously considered by this court, the present motion will now be treated as one to reargue.
The main burden of the defendants’ objections is directed to the contention that items 2 through 31 of the plaintiffs’ notice of examination is but a mere paraphrase of the complaint; however, the fact that these items appear similarly in the complaint, does not in and of itself constitute a defect, particularly in view of the fact that the allegations in a complaint of this character are unusually full and detailed (cf. Heslin v. Whelan, 215 App. Div. 713). And furthermore, better and more modern practice allows a general examination with respect to all material allegations of fact put in issue by the pleadings (cf. Industrial Bank of Commerce v. Rubin, 207 Misc. 567; cf. also the Committee on the Supreme Court of the Few York County Lawyers Association recommendation concerning an amendment to rule 121-a of the Rules of Civil Practice).
In according with the foregoing, the examination will be allowed with respect to all the items sought by the plaintiffs, except items 20, 21, 22, 25 and 27.
*1068 As to the production of books and papers:
Item a is allowed but limited to relevant and pertinent letters, telegrams, etc. for a period of six years.
Item b is allowed as to relevant and pertinent meetings held by the defendants within the past six years.
Item c is allowed but modified by requiring the production of relevant data showing the total sales only of the defendants’ beer products, by all of the defendants collectively.
Item d is allowed but limited to writings in the past six years and relating solely to communications sent to the dealers described therein, and concerning quotations of beer prices or actual charges.
All books and records shall be produced and used pursuant to section 296 of the Civil Practice Act. The examination itself shall proceed at Special Term, Part II of this court, or any other place mutually convenient to the attorneys, on December 20, 1957 at 10:00 a.m., or on any other day or time mutually convenient and decided upon by the attorneys.
Thus, the motion to reargue is granted to the extent herein-above indicated. Settle order.