Aron Steuer, J.
The parties to this consolidated action are husband and wife. Of the three actions two were brought by the wife, for separation and for the return of money claimed to have been loaned. The husband’s action is to impress a trust on certain property. This property is in the wife’s possession and in her name. The theory of the action is that pursuant to an agreement the husband’s earnings, which at the time of the *61 marriage were quite modest, were deposited in accounts controlled by the wife or otherwise placed under her control. In the same accounts went the income from investments owned by the wife. The latter used these sums for the living expenses. Later, the complaint alleges, the husband’s earnings became very substantial but the same method of disposing of them continued. The complaint seeks to impress a trust on these funds. It is further claimed that the alleged loan, the subject of the wife’s suit, represented a partial disposition or payment of the husband’s share of the joint funds. On these issues the husband seeks to examine.
Two objections are raised. The first is that examinations before trial are not allowed in marital actions. And it has been held that the bar extends to other actions between spouses which have their origin in a rift of the matrimonial relationship. (Leichtentritt v. Leichtentritt, 6 Misc 2d 598.) The extension of the rule is based on sound principles and merits general adherence. However, all cases must be decided on their own peculiar facts. Here the matters in issue are business transactions of a rather involved nature. It is probably true that the issues would never have come to litigation had the course of the marriage continued smooth. Nevertheless the particular issues raised by this break in the harmony of the relationship are such that it would appear that their proper disposition would be aided by allowing the examination. Matters of this kind admit of inquiry on a basis less influenced by emotional factors than other issues engendered from the same sources. As to the latter, the general rule recognizing the futility of an examination in areas invariably overcharged by personal feelings forbids them and does not provide an additional forum for the venting of spite through the occasion for annoyance. When this is not applicable and when an examination will serve a useful purpose it should be allowed.
The second objection is that many of the matters sought to be examined upon are in the nature of an accounting. To an extent this contention has merit. However, these items have also a probative value on the issue of what the arrangement between the parties was. It would be practically impossible to sort out the items at this time.
Motion to vacate is denied.