FRANK CORSO et al., Appellants, v. DOMA OPERATING CORP. et al., Respondents.— In an action against the corporate defendant to recover a balance due on moneys loaned to it, and against all the defendants to recover damages based upon an alleged fraudulent conspiracy, in which defendant Joseph De Gregorio pleaded a counterclaim for the recovery of interest paid in excess of the legal rate, the plaintiffs appeal from the following three orders of the Supreme Court, Kings County, dated June 2, 1959: (1) an order granting defendants' motion for the final preclusion of plaintiffs from offering testimony upon the trial as to certain matters, unless plaintiffs shall comply with the demand for a bill of particulars to the extent prescribed by said order; (2) an order granting defendants' motion to vacate plaintiffs' notice to examine the defendants before trial; and (3) an order denying plaintiffs' motion to strike out the defendants' answer because of their failure to submit to an examination before trial pursuant to notice. Order of final preclusion modified by striking out the two decretal paragraphs and by substituting therefor provisions providing that defendants' motion to preclude is granted unless: (a) within 20 days after the entry of the order hereon, the plaintiffs shall serve a further verified bill of particulars with respect to items 1, 2, 4, 11 and 12 of the defendants' demand, the plaintiffs to furnish approximate dates if the exact dates are unknown; and unless (b) within 10 days after the completion of the defendants' examination before trial, as hereinafter provided, the plaintiffs shall serve a supplementary bill of particulars with respect to items 6 and 10 of the defendants' demand. As so modified the preclusion order is affirmed, without costs. In our opinion, the plaintiffs' bill sufficiently complied with items 3, 5, 7 and 8 of the demand. With respect to items 6 and 10, we are satisfied that the plaintiffs claimed in good faith that they are unable to furnish the particulars as to these items (relating to acts of fraud and conspiracy, all or part of which took place without their presence); and in these circumstances, they should not have been required to furnish the requisite particulars until they shall have first examined the defendants before trial (*Eisenstaedt* v. *Schweitzer,* 3 A D 2d 716; *Carney* v. *Liebmann Breweries,* 8 Misc 2d 1064). Order vacating plaintiffs' notice of examination before trial reversed, with $10 costs and disbursements, motion to vacate denied, and the notice of examination reinstated with the direction that said examination shall proceed at the place indicated therein 10 days after the plaintiffs' service of the further bill of particulars with respect to items 1, 2, 4, 11 and 12 of the demand. In our view, the plaintiffs' notice should not have been vacated but should only have been deferred until the last-

mentioned particulars shall have been furnished. Order denying plaintiffs' motion to strike out the answer of defendants affirmed, without costs. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.