Matthew M. Levy, J.
In this action upon a policy of insurance to recover for water damage to the plaintiff’s property, the defendant moves to vacate the plaintiff’s notice to examine the defendant before trial.
After the receipt by the defendant of the notice for examination, it asked for and obtained an adjournment thereof. It is elementary that, when the defendant stipulated in writing to adjourn the examination, without reserving its rights in the premises, it thereby waived its right to attack the notice (Haas v. Rothenberg, 6 A D 2d 797; Mossew v. To Market, 3 A D 2d 189; Kozak v. 244 East 2nd Realty, 25 Misc 2d 437).
Moreover, on the merits, I do not find any valid basis for the objection now raised by the defendant. The examination sought is as “ to the relevant and material allegations of fact put in issue by the pleadings in the action ”. This general expression is now permissible (Rules Civ. Prac., rule 121-a, as amd. March 1, 1958; see Manacher v. Central Coal Co., 7 A D 2d 208, 210; cf. Bohlinger v. Rosenbaum, 6 Misc 2d 235, 236). Any objection on the ground that the plaintiff may attempt to inquire into matters which are not in issue can be raised at the time that the examination is being conducted. It is not the function of the court, at this time, and on this motion, to rule on the propriety of each prospective inquiry. The motion to vacate is therefore denied.
As to production of records upon the examination, I direct that the defendant produce all relevant records for use pursuant to section 296 of the Civil Practice Act. The plaintiff is not entitled to examine the defendant as to the contents of the *963 reports of its investigators (Palmieri v. Standard Ins. Co. of N. Y., 5 A D 2d 684; Friedman v. Metropolitan Life Ins. Co., 1 A D 2d 766; Metropolitan Life Ins. Co. v. Goldberger, 1 A D 2d 823). Accordingly, the production of records called for in the notice is deemed not to require the disclosure of confidential reports (Friedman v. Metropolitan Life Ins. Co., supra, 1 A D 2d 766). Indeed, the plaintiff admits, in effect, that it does not seek an inspection of the defendant’s “ work product ” involved in the defendant’s inquiry as to the plaintiff’s claim or preparatory to the defendant’s contest thereof (see Dialand Elec. Sales Corp. v. Worcester Mut. Fire Ins. Co. of Worcester, Mass., 5 A D 2d 1047).
The defendant, by an officer or employee having knowledge of the facts, shall submit to examination, pursuant to the notice, at Special Term, Part II, of this court, on May 7, 1962, at 10:30 a.m., or at such other time and place as may be stipulated by counsel.