FOURTH DEPARTMENT, MAY, 1954.

(May 5, 1954.)

■

IRLA KALTEUX, as Administratrix of the Estate of JOSEPH A. KALTEUX, Deceased, Respondent, *v.* C. P. WARD, INC., et al., Defendants, and ROCHESTER GAS & ELECTRIC CORP., Appellant.

*Per Curiam.* By notice the plaintiff sought to examine the defendant Rochester Gas & Electric Corporation by examining seven of its officers and employees. The defendant corporation moved at Special Term for an order vacating or modifying the notice. The affidavit in support of the motion sets forth that none of the seven persons sought to be examined was a witness to the accident which is the basis on which the action is founded, consequently none of them can testify to anything except records of the corporation and that three of the seven, namely, Walter B. Kenyon, George Swartout and James Cooper, can testify to all records which are material and necessary. Plaintiff opposed the motion to vacate or modify the notice to examine but conceded that the records to be produced cover only the period three years prior to October 12, 1951, the date of the accident when plaintiff's intestate was killed. The court denied the motion except as to the concession of limiting the period covered by the records to three years, and defendant corporation appeals.

The complaint alleges that plaintiff's intestate was employed as a plumber by Ryan Plumbing and Heating Co., Inc., a subcontractor of the general contractor who was erecting a building for the New York Central Railroad Company in Rochester, N. Y.; that while he was engaged in unloading pipe from a crane owned by the defendant C. P. Ward, Inc., and operated by its employee, a cable leading from the boom of the crane came in contact with the high voltage electric lines of defendant-appellant and caused his death.

While the rule permitting examinations before trial is broad in its application it has not yet been permitted to go to the extent of examining a defendant's file. The affidavit discloses that Alfred H. Doud who is safety director of defendant-appellant, investigated the accident after its occurrence. We think his testimony cannot be taken by the plaintiff.

It is usual practice to permit examinations of corporations by two or three officers or employees unless that number are unable to testify to all facts which are material and necessary. Here defendant-appellant sets forth that Kenyon, Swartout and Cooper can testify to all records and facts material and necessary to the inquiry. The order appealed from should therefore be modified by limiting the examination in the first instance to those three persons. If it should develop that those three are unable to testify to all material matters, an application may be made to Special Term to examine other officers and employees who can supply further information.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.