D. Ormonde Ritchie, J.
The defendants move to preclude plaintiffs from offering evidence upon the trial of this action on matters embraced in items 9(a) through 9(h) of a demand for a bill of particulars served on plaintiffs, the particulars demanded in those items not having been furnished. In a cross motion plaintiffs demand an examination before trial of the true defendants named in the action; a disclosure by defendants *156 of the identity of the fictitious defendants named in the action; discovery and inspection of all books, records and documents in possession of defendants bearing upon the identity of the fictitious defendants and bearing upon the material facts of the malpractice alleged in the complaint; and for an examination of the true parties and the fictitious parties after their identification of all material facts relevant to the malpractice alleged in the complaint. In addition the plaintiffs seek an extension of time to serve the particulars required by items 9(a) through 9(h) of the demand until a reasonable time after plaintiffs’ examination before trial of the defendants. The defendants oppose plaintiffs’ motion upon the 'ground that in effect it constitutes an attempt by plaintiffs to ascertain whether or not the defendants have been guilty of negligence in the treatment of the plaintiff Eva Buchholz. Examination before trial of defendants by plaintiffs have been permitted in advance of the service of a bill of particulars. (Klebs v. Rockland Light & Power Co., 277 App. Div. 954.) Therein the court held, curiously, that failure to provide particulars does not preclude a plaintiff from examining a defendant before trial that not being a remedy afforded the defendant by the failure of plaintiff to furnish the particulars, the remedy of preclusion being available. The curious part of the decision being the dictum therein declaring “ It may be that the examination is necessary to furnish some of the particulars.” It would seem to be a matter of discretion on the part of Special Term dependent upon the circumstances presented in the individual application whether orderly procedure and the interests of justice require the furnishing of particulars in advance of an examination before trial or whether such particulars can be furnished only after the examination. The action is one to recover for alleged malpractice in the treatment of the plaintiff Eva Buchholz. The treatment given her and whether such treatment was warranted by her condition or constituted malpractice is not generally within the ready knowledge of a layman plaintiff. Bather it would be more peculiarly within the knowledge of the defendant doctors and their aides and assistants and for that reason only ascertainable upon an examination before trial. The defendants ’ motion to preclude is denied without prejudice to renew after completion of the examination before trial of defendants by plaintiffs. The plaintiffs’ motion, insofar as it seeks relief not herein-before disposed of, is granted in its entirety. The discovery and inspection and examination. before trial will proceed at Special Term, Part I, Supreme Court clerk’s office, No. 33 Willis Avenue, Mineóla, New York, at a time and date to be *157 agreed upon by the attorneys for the respective parties to the action. The defendants are directed to produce at the time and place of examination all books, records and documents pertinent to the discovery and inspection and examination.