Matthew M. Levy, J.
This is a motion by defendant “ for an order striking the purported notice to take the deposition of the defendant before trial * * * in its entirety on the ground that an examination before trial of this defendant has already been held and completed in this action.” The basic action is one for damages for personal injuries allegedly caused the infant plaintiff, a tenant in defendant’s premises, by the defendant’s negligent operation of the premises.
It appears that, heretofore, plaintiffs had served a notice to examine defendant by a representative familiar with the facts, that defendant produced an officer of the corporation, and that, upon his being examined, it was learned that he had little, if any, knowledge of the facts giving rise to plaintiffs’ causes of action or as to the defenses thereto. Plaintiffs asked defendant to produce its resident-superintendent or any other employee having knowledge of the facts, but the examination of such a witness or an adjourned date therefor was not agreed upon. Plaintiffs contend that the parties had arranged that plaintiffs should serve another notice, rather than later resume the examination of defendant on the basis of the original notice, but with a new witness. Defendant disputes any agreement in that regard. In any event, defendant did not submit 'any other person for examination, and plaintiffs thereafter served a second notice to examine defendant, naming an employee said to have the requisite knowledge. It is this notice which defendant seeks to vacate on this application. The crux of defendant’s motion is that plaintiffs were not entitled to serve a new notice, but that, as a matter of law, they should have applied to the court on the basis of the prior notice to examine. Defendant relies upon United States Overseas Airlines v. Cox (283 App. Div. 31).
I recognize, of course, that where, as here, the party to be examined is a corporation, it is the corporate entity that is to be examined “ and not its officers or employees as such. Individual witnesses become the instruments, merely, by which the corporate examination is effected. ’ ’ And that, if ‘ ‘ the person produced [by the corporation to be examined] has no knowledge or inadequate knowledge, or if the court may be made to see as *439 the result of the examination that another officer or employee has more direct knowledge of the facts, there is adequate power to make appropriate direction to produce such additional witness.” (United States Overseas Airlines v. Cox, 283 App. Div. 31, 32, supra.) And, of course, when there is no judicial leave therefor, the service of a new notice to examine, when one is already outstanding and still in force, is improper (cf. Schriro v. Kennell, 223 Ap. Div. 786; Hoover v. Rochester Print. Co., 2 App. Div. 11).
It is clear, too, that where there is extant an earlier notice of examination on which the party to be examined has defaulted, the examining party may apply to the court for its enforcement or for an original direction that the adverse party submit to the examination (Glens Falls Ins. Co. v. Weiss, 6 Misc 2d 729, 730). Whether or not, in such case, the examining party must apply to the court to enforce the notice or may serve a new notice is the sole question here. In my view, that question is to be determined on the basis of the factual background and procedural status of each case as it arises. Without doubt, if the service of a second notice be intended or appear to harass or prejudice the adverse party, it should not be permitted. If, on the other hand, the notice was served in good faith, and there is no genuine annoyance and no substantial prejudice, it seems to me that a notice may indeed foe more welcome, judicially, than a motion.
Certainly, when the corporate party to be examined presented a witness who, as here, undisputedly lacked adequate knowledge of the relevant facts, and then failed to submit a witness having such knowledge, it cannot foe heard to complain that one procedure or the other is compulsory rather than permissive. While defendant in the case at bar had the right, in the first instance, to choose the witness to be examined before trial (Deutsch v. City of New York, 200 Misc. 864, 865-866), it should have made a bona fide effort to submit one who knew the facts. When it failed to do so, it should not be heard to say that plaintiffs must thus be hamstrung in the prosecution of their cause, and that the court must be burdened with a motion, rather than that the parties arrange for the examination of a knowledgeable employee on a consensual basis (Semsky v. Jo-Mar Bake Shop, 12 Misc 2d 371, 372).
Absent a stipulation in writing or on the record, plaintiffs should, perhaps, then and there have applied to the Justice presiding at Special Term, Part II, for a ruling as to an adjourned date and as to the identity of the witness to be produced. If it was not convenient or feasible to proceed in that fashion, plaintiffs could have made a formal motion at *440 Special Term, Part I, for .the enforcement of its notice to examine defendant. But I am of the opinion that, in the circumstances here, plaintiffs were not limited to these remedies. At this point, an engaging precept comes to mind in the substantive law of contracts: Where a promisor breaches his contract, the promisee has the option to deem the contract alive and in force and (in a proper case) apply to the court for specific performance, or to accept the breach, deem the agreement abandoned by the promisor and to proceed as upon a rescission on the basis that the contract is no longer in effect. Similarly, here, it seems to me, that plaintiffs could very well have deemed the first notice to have spent its force by virtue of defendant’s own choice — because defendant produced for examination a representative obviously without adequate knowledge of the facts and because there was no agreement to continue the notice alive so that a proper witness might be produced by defendant on the adjourned date.
Too often in the recent past have parties produced representatives for examination before trial who, because of lack of knowledge of the relevant facts, should not have been presented for such purpose. Sometimes such procedure is intentional— for the purpose of exhausting an adversary; more often it is a careless or heedless preparatory approach to the required submission to pretrial examination. In any case, it imposes an undue burden on the examining party and should be discouraged. Perhaps one method of deterring that approach is to permit the examining party to serve a new notice rather than compel him in all cases to be the one to become the protagonist before the court. If this shift of the burden of making an application to the court is misused, such 11 possibilities of abuse can be adequately covered by judicial surveillance, without the imposition of arbitrary restrictions. As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination ” (Marie Dorros v. Dorros Bros., 274 App. Div. 11, 14).
The motion by defendant to vacate the notice in its entirety on the ground urged is therefore denied. Moreover, defendant has waived any right it may have had to the relief requested. For the examination scheduled pursuant to the second notice was twice adjourned at defendant’s request, without reservations having been made by defendant with respect thereto. Under such circumstances, defendant has waived its right to *441 move to vacate the notice (Mossew v. To Market, 3 A D 2d 189; Haas v. Rothenberg, 6 A D 2d 797, 881).
Accordingly, the motion to strike is denied. Defendant, by an officer, agent, or employee having knowledge of the facts, is directed to appear and submit to examination, pursuant to the notice, at Special Term, Part II, of this court, on January 18, 1960, at 10:30 a.m. Pertinent books, papers and records are to be produced for use pursuant to section 296 of the Civil Practice Act.