Louis B. Heller, J.
Plaintiff in this negligence action moves for a further examination before trial of the defendant, 6601 Bay Parkway Corporation, by its superintendent, Walter McKay.
Movant contends that the examination before trial heretofore ordered by Mr. Justice Wecht of this court, resulted in the taking of fruitless testimony of the president of the named corporation; that such witness was either without personal knowledge or lacked knowledge of the facts as is evidenced in the 52 pages of testimony submitted for the court’s examination. Therefore, it becomes necessary to examine the superintendent named (supra), who resides in the premises and who, movant alleges, has personal knowledge of the accident.
*27 The opposing papers state that since the examination before trial of an officer of the defendant landlord corporation was already conducted and that a note of issue and statement of readiness was served prior thereto, plaintiff may not now secure the relief here sought. The court finds this defendant’s position untenable.
Where a corporation is examined before trial as an adverse party, it ordinarily has the right to choose the officers or employees having knowledge of the facts and the choice of witness does not rest in the first instance with the examining party (United States Overseas Airlines v. Cox, 283 App. Div. 31). At the completion of the examination of the witness produced, “If it should prove necessary to examine any other persons, an appropriate application may be made ” (Schacht Steel Constr. v. Brecher, 2 A D 2d 967).
The court’s examination of the submitted testimony of defendant’s president, compels the conclusion that plaintiff’s instant application to examine the superintendent as an employee of the subject corporation has merit. Under the new rules plaintiff would be entitled to such examination. As stated in Chandler v. New York City Tr. Auth. (N. Y. L. J., Feb. 21, 1962, p. 15, col. 2) “Under the new rules which go into effect on March 1, 1962, a plaintiff is given one year after the filing of a note of issue within which to conduct an examination before trial.”
It appearing that the note of issue and statement of readiness were filed less than a year ago, the motion is accordingly granted in all respects. That branch of the motion for rulings on objections was on consent withdrawn.