■ MARY L. KING, Appellant, v. EDWARD A. McCORMICK et al., Respondents.— Order [No. 6561], entered on July 15, 1963, unanimously reversed, on the law and in the exercise of discretion, with $10 costs and disbursements to plaintiff-appellant, and motion of plaintiff granted to the extent of directing that, with respect to the demand of defendant Gerber, the plaintiff shall serve her bill of particulars 30 days after completion of her examination of said defendant and of defendant Charles E. Murphy. The complaint contains allegations of breach of trust by alleged fiduciaries and of an alleged fraudulent conspiracy whereby plaintiff was divested of control of a corporation, also made defendant. Where, as here, the demand in this type of action, seeks considerable data and detail presently unknown to plaintiff and peculiarly within the knowledge of the defendants, then, in the interest of orderly procedure, the plaintiff should not be required to serve her bill of particulars until after the completion of the examination of the defendants. (See *Lustig* v. *Longchamps, Inc.,* 279 App. Div. 928; *Carney* v. *Liebmann Breweries,* 8 Misc 2d 1064; cf. *Penn-Texas Corp.* v. *Glickman,* 9 A D 2d 749.) Order [No. 6562], entered on July 15, 1963, unanimously reversed, on the law and in the exercise of discretion, with $10 costs and disbursements to plaintiff-appellant, and motion of plaintiff granted to the extent of directing that, with respect to the demand of defendant Charles E. Murphy, the plaintiff shall serve her bill of particulars 30 days after completion of her examination of said defendant and of defendant Gerber. The complaint contains allegations of breach of trust by alleged fiduciaries and of an alleged fraudulent conspiracy whereby plaintiff was divested of control of a corporation, also made defendant. Where, as here, the demand in this type of action, seeks considerable data and detail presently unknown to plaintiff and peculiarly within the knowledge of the defendants, then, in the interest of orderly procedure, the plaintiff should not be required to serve her bill of particulars until after the completion of the examination of the defendants. (See *Lustig* v. *Longchamps, Inc.,* 279 App. Div. 928; *Carney* v. *Liebmann Breweries,* 8 Misc 2d 1064; cf., *Penn-Texas Corp.* v. *Glickman,* 9 A D 2d 749.) Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.