Jack Stanislaw, J.
A motion is made by defendant, Union Free School District No. 4, Town of Babylon, to vacate plaintiffs’ notice to take an oral examination of two named employees of said defendant. (CPLB 3103.) The plaintiffs oppose this application and cross-move for the inspection of documents specifically described in their notice.
Upon plaintiffs’ prior notice an employee was produced by defendant school district and examined. However, plaintiffs then and now request the production of two additional employees. During the course of the prior examination counsel for these parties engaged in a colloquy with reference to the taking of further depositions. Apparently there was a misunderstanding. The result was the within exchange of motion papers right after plaintiffs served their second notice of examination as to the other two employees named therein.
This defendant corporate entity has a clear right to produce any officer or employee with knowledge of the facts for examination it chooses, in the first instance. However, following such initial examination specific others may be made to appear for the same purpose where this is demonstrated to be necessary (Hansen v. City of New York, 283 App. Div. 891; Torchio v. Nacirema Operating Co., 283 App. Div. 675). If such other employees are not produced by agreement the party who noticed the examination of the corporate body (here the plaintiffs) may then apply to the court for the direction of these appearances. (Kozak v. 244 East 2nd Realty, 25 Misc 2d 437.) It is interesting to note that, in a proper case, the denial by Special Term of such continuation has been held to be an improvident exercise of discretion. (Tetrad Co. v. Rosch, 15 A D 2d 928.)
*662 At any rate, when a dispute has arisen as to the existence of any agreement to produce other employees, it is not absolutely required that the examining party seek enforcement of its first notice. That party may, in good faith, serve a new notice naming those additional persons to be examined. (Kozak, v. 244 East 2nd Realty, supra.) Although in the Kozak case, the bona fide effort of the corporate defendant to produce someone with knowledge of the facts was questioned, here we are presented with no such claim. Nevertheless, the general tenor of the new Civil Practice Law and Rules would indicate an approach relatively free of formalistic procedural requirements so as to assure the broadest possible pretrial disclosure. Of course, a party cannot conduct examinations until his adversary runs out of employees, but in the instant case there appears to be an entire area of inquiry open as to maintenance of a wall allegedly defective and the instant cause of the accident creating the injuries the basis of this suit. For this reason the motion of the defendant to vacate this notice is denied. Moreover, the cross motion to inspect or copy documents listed in plaintiffs’ notice is granted (CPLR 3111, 3120).