Richard S. Heller, J.
The claim involved in this motion is based upon personal injuries to and the wrongful death of Robert P. Luddy resulting from an automobile accident on U. S. Route No. 20 near its intersection with New York 'State Route 66. The liability of the State is predicated upon its alleged negligence in the construction and/or maintenance of the high *949 way and its shoulders at the site of the accident. In this motion the claimant is seeking an order directing that the State of Mew York produce certain “ officers, members and employees of the State Troopers, Public Works Department and Motor Vehicle Department ’ ’ for examination before trial and further directing that 'such officers produce certain documents, records and photographs pertaining generally to the construction and maintenance of the highway, its condition at the time of the accident, the facts of the accident, and any prior accidents.
In opposing the application the State has raised several objections in its affidavit and memoranda. Although these papers are vague and confusing, the court will attempt to deal with the various objections apparently asserted.
The first objection in the order of presentation is based upon a contention that subdivision 2 of section 17 of the Court of Claims Act expressly or by necessary implication limits any claimant to examination of one ¡State employee. This result allegedly flows from the use in such section of the singular article Cf an ” in referring to the proof to be presented upon an application for examination of the State (“ upon proof that the examination of an officer or employee of the state *• * * is material”; emphasis added). The court feels that the State’s contention has nothing to recommend it and should be discarded under the settled rule against the adoption of a construction which produces an absurdity (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 145). The cases cited by the State (Tralongo v. State of New York, 4 A D 2d 733; Hansen v. City of New York, 283 App. Div. 891) can by no means be regarded as supporting the result urged. If the State has one employee who possesses all of the requisite knowledge, such employee’s testimony would of course be sufficient. This does not mean, however, that if no such walking repository of relevant information can be found a claimant must be .satisfied with one State employee whose knowledge, if he has any, is limited to a particular aspect of a claim.
The State has in the first instance the privilege of designating some officer or employee with the requisite knowledge. Along with the privilege, however, should go the duty of making such designation in good faith and producing for examination a person or persons qualified to testify as to all matters which are set forth in the claimant’s application and within the permissible scope of disclosure under article 31 of the CPLR and other relevant statutes as they have been construed by the courts.
The remainder of the State’s objections were directed to claimant’s request that the State be required to produce various *950 papers, records and photographs. The court is unimpressed with the contention that basic questions remain as to the general applicability of article 31 of the CPLB to actions in the Court of Claims. While certain principles enunciated in Carey v. Standard Brands (12 A D 2d 233, affd. 12 N Y 2d 855) may still be “ good law ”, they no longer have any bearing upon the availability of disclosure in this court. (Di Santo v. State of New York, 22 A D 2d 289.)
It is, however, true that the separate treatment of production of materials incidental to an examination before trial (former Civ. Prac. Act, § 296) and production for discovery and inspection (former Civ. Prac. Act, § 324) has been carried over into the CPLB (3111 and 3120 respectively). Although both remedies are now generally available on notice, thus removing one of the prime reasons for dispute concerning their respective scopes, they are separate and distinct remedies, separately provided for, and much of the case law interpreting their predecessor provisions in the Civil Practice Act appears to be relevant.
Since the claimant in this motion has in form requested production of materials pursuant to CPLB 3111 for use in connection with an examination before trial, the fact that general discovery and inspection under CPLB 3120 is now available in this court might be regarded as irrelevant. Thus although interesting questions exist with respect to whether the CPLB have removed limitations or restrictions upon the combination of an examination before trial with a general discovery and inspection, such questions are not properly before the court on this motion.
For the foregoing reasons it is the court’s decision that the claimant is entitled to an examination of the State of New York by such of its officers, employees and agents having knowledge of the state and condition of Ü. S. Boute No. 20 and its shoulders at or near the point of the accident giving rise to this claim, at the time of such accident and for two years prior thereto; of any repairs to or maintenance and construction of such highway and other work performed thereon within such period; of the facts of such accident or investigation thereof; of any safety or survey detail of the highway and its shoulders in the vicinity of the accident made within two years prior thereto and of any prior accidents occurring at or near the scene of this accident within such period.
In addition, the State should produce at such examination for proper use incidental thereto any of the following items in the possession of the State of New York or any agents or departments thereof: (1) Beports of inspections made of the condition of U. S. Boute No. 20 for one-half mile in both directions from *951 the point of the accident for two years prior to June 29, 1963. (2) Work reports of the highway maintenance crew and the foreman’s log relating to reconstruction, repair and maintenance of that portion of XT. S. Route No. 20 specified in Item “ 1 ” above for two years prior to June 29, 1963. (3) Any written reports arising from the investigation of the particular accident by State employees in the regular course of their duties and made prior to the filing of the claim herein. (4) Work orders showing the work to be done and the type and quantities of material used in any maintenance or repairs to that portion of XJ. S. Route No. 20 and for the period of time indicated in Item “ 1 ” above. (5) Reports of any safety or survey detail relating to the condition of that portion of XJ. S. Route No. 20, including the shoulders thereof, and for the period of time indicated in Item “ 1 ” above. (6) Any photographs of XJ.' S. Route No. 20 and the shoulders thereof at or near the point of the accident which were taken at the scene of said accident within one month subsequent to the occurrence of the same. (7) Any records or reports of accidents occurring at or near the scene of the accident involved herein within two years prior to June 29,1963. (8) Construction plans and specifications for that portion of XJ. S. Route No. 20 designated in Item ‘ ‘ 1 ” above as it was last constructed or reconstructed prior to June 29, 1963.
A comparison of the above items with those specified in claimant’s application will disclose that certain of claimant’s requests have been denied. The various items designated by the court and the time and geographical limitations have ample support in precedent. They constitute materials which it is felt are in all probability subject to disclosure under CPLR 3101 and which will aid in the examination of the witness or witnesses produced by the State. The decision as to whether specific items, while coming within the court’s necessarily general description, are protected as privileged or for other reasons cannot be made at this time. With respect to claimant’s request for statements of witnesses, the court feels that “ proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated. ’ ’ (Rios v. Donovan, 21 A D 2d 409, 414.) Claimant will have similar rights with respect to any other materials the existence of which is disclosed at the examination before trial.