G. Robert Witmer, J.
Plaintiffs have moved for an order compelling defendants to comply with plaintiffs’ demand for discovery and inspection, the pertinent paragraphs of which are as follows:
“ 1. Any and all statements signed by the defendant, Robert L. Anderson II, and Rochester Coca Cola Bottling Corp., or their agents, servants and/or employees prior to June 4, 1964 and given by defendants or their agents, servants, and/or employees to defendants’ liability1 insurance company’s claims adjuster and/or given by defendant, Rochester Coca Cola Bottling Corp.’s agents, servants and/or employees to defendant, Rochester Coca Cola Bottling Corp., now in the possession. *319 and control of defendants, defendants’ liability insurance company or their attorneys herein, relating-to the accident as alleged in the complaint herein.
‘12. Any inter-departmental and interoffice statements or reports or records made by defendant, Rochester Coca Cola Bottling Corp., or its agents, servants and/or employees concerning the happening or cause of the occurrence alleged in the complaint and the injuries resulting therefrom caused to plaintiff, made contemporaneously and in the regular course of said defendant’s business.”
It appears that on April 19, 1965 plaintiffs served a demand upon defendants to produce for discovery and inspection by plaintiffs the documents above referred to; and that defendants ignored the demand. Because of defendants’ inaction the plaintiffs assert that the defendants may not now raise objection to the propriety thereof.
As a general proposition the plaintiffs are correct — that is, that if the defendants fail to move promptly (CPLR 3122) for a protective order against improper demands, they may not be relieved of the demand upon plaintiffs’ motion to compel compliance. Such rule does not apply, however, with respect to matters demanded for discovery and inspection, unless the plaintiffs with reasonable particularity specifically designate in the demand the documents sought to be inspected and the demand does not violate CPLR 3101 (subds. [b] or [c]) respecting privileged matter or attorney’s work product. (Coffey v. Orbachs, Inc., 22 A D 2d 317.) Undoubtedly, under some circumstances if certain reports by defendants’ employees exist concerning an accident, such reports will not be deemed privileged or attorney’s work product and will be subject to discovery and inspection. (Bloom v. New York City Tr. Auth., 20 A D 2d 687; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; Walker v. Erie-Lackawanna R. R. Co., 43 Misc 2d 1098; Zdonczik v. Pennsylvania & Southern Gas Co., 35 Misc 2d 735.)
As can be readily seen from the demand quoted above, the plaintiffs have not specifically designated any document which they seek to inspect. Some documents which may exist and be encompassed in the demand might be the proper subject of discovery and inspection, while others might not be. (Coffey v. Orbachs, Inc., supra, p. 320.) Whether any of such documents exist does not appear; and the court is asked to make a blanket order. The demand is an extremely broad one; and when read in connection with the affidavit in support of this motion, it is apparent that it is truly a “ fishing expedition ”,
*320 Before discovery and inspection is sought against a party, an examination before trial of such party with demand to produce documents to he used thereon (CPLR 3111) is often advisable, and may be ordered (Battaglia v. New York City Tr. Auth., 2 A D 2d 985; Milberg v. Lehrich, 2 A D 2d 860; Rizzuto v. Telesca, 19 Misc 2d 871), but such examination will not always be required (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3122). It is appropriate to have an examination before trial in this case, to ascertain the identity of the documents which the plaintiffs seek to inspect and the circumstances under which they were made or obtained.
The motion herein is therefore denied without prejudice to renewal after such examination before trial and more specific designation of the documents sought for discovery and inspection. (Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918; Coffey v. Orbachs, Inc., supra; Rios v. Donovan, 21 A D 2d 409; Colbert v. Home Ind. Co., 45 Misc 2d 1093, 1095.)
Submit order accordingly.