Lawbekce H. Cooke, J.
Defendant moves to vacate a notice served by plaintiff to take the testimony of defendant before trial through 11 named physicians and certain other described officers, agents, servants, employees or persons, which notice calls for the production of:
(1) the rules and regulations of defendant in force on or about May 12,1964 bearing upon admission of patients to emergency room treatment and those concerning care and treatment of persons with suicidal tendencies;
(2) all reports of the officer having authority and responsibility for investigation of death of plaintiff intestate made to other officers or directors of defendant concerning said death and all reports made to him by agents, officers, servants or employees of defendant concerning the care and treatment of said decedent on May 12, 1964;
(3) the medical record of the care and treatment of decedent on May 12,1964; and
(4) the records of employment of decedent at “ defendant institution ’ ’ and all other records pertaining to education, employment and professional evaluation of decedent.
Normally, a corporation is permitted, in the first instance, to determine which of its officers or employees is to be examined as its representative or representatives and, if it should prove necessary to examine any other persons, an appropriate application may be made (Schacht Steel Constr. v. Brecher, 2 A D 2d 967; Kalteux v. C. P. Ward, Inc., 283 App. Div. 990; Hansen v. City of New York, 283 App. Div. 891; United States Overseas Airlines v. Cox, 283 App. Div. 31; Martinez v. Union School Dist. No. 4, 41 Misc 2d 661; Wright v. Briman Contr. Co., 219 N. Y. S. 2d 896; Shanfeld v. 6601 Corp., 34 Misc 2d 26). Generally, only *1019 employees and officers employed at the time of receipt hy the corporation of the notice of examination may be examined as such employees and officers of the corporation being examined (McGowan v. Eastman, 271 N. Y. 195, 198; Haas v. Rothenberg, 6 A D 2d 797; Green Point Sav. Bank v. Central Gardens Unit No. 1, 280 App. Div. 987; Schwartz v. Brooklyn & Queens Tr. Corp., 260 App. Div. 947; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.28; Carmody-Forkosch, N. Y. Prac., p. 562).
There is a distinction between discovery and inspection of books, papers and things under CPLB 3120 and the production of such for use at an examination before trial pursuant to CPLB 3111 (Kandel v. Tocher, 22 A D 2d 513, 518; Rios v. Donovan, 21 A D 2d 409, 412-413; Luddy v. State of New York, 45 Misc 2d 948, 950; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3111.01, 3120.03) .
The rules which govern what may be a proper subject for examination before trial under CPLB 3101 also determine what documents must be produced for use at an examination under CPLB 3111 and, thus, a person giving a deposition need not produce documents which are unnecessary, immaterial, privileged or work product; but the mere fact that documents may be inadmissible at the trial as evidence in chief should not prevent their disclosure at pretrial examination (3 Weinstein-Korn-Miller, NT. Y. Prac., par. 3111.04). The description of books, papers or things to be produced should be as detailed as it is reasonable to expect and, if the party seeking the examination can describe what he wants, he should do so, but, obviously, often he will not know what precisely is in the hands of his adversary (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3111.03) .
At this juncture it does not appear precisely what are all the books, papers and things which plaintiff has in mind or those which are in the possession, custody or control of defendant (cf. CPLB 3111), as well as their nature, origin and the circumstances surrounding same, and the determination of plaintiff’s right to use them on the examination before trial may have to await the course of the examination if a controversy occurs as to particular items or the extent of their examination (Hagner v. Port of New York Auth., 23 A D 2d 879; 50 New Walden v. McKaig, 19 A D 2d 584; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692). (Cf. Coffee v. Orbachs, Inc., 22 A D 2d 317, 320; Hable v. Anderson, 47 Misc 2d 318).
Besides the limitations noted as to documents which are unnecessary, immaterial, privileged or work product, “ 1. any opinion of an expert prepared for litigation; and 2. any writing *1020 or anything created by or for a party or his agent in preparation for litigation” * * * “ shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship” (CPLB 3101, subd. [d]). (See, also, CPLB 3101, subds. [b], [c]; Benson v. Murr, 23 A D 2d 756; Metropolitan Life Ins. Co. v. Lane Klinow & Co., 23 A D 2d 646; Kandel v. Tocher, 22 A D 2d 513, supra; Finegold v. Lewis, 22 A D 2d 447; Milterg v. Lehrich, 2 A D 2d 861; Davis v. Eastman Kodak Co., 45 Misc 2d 1006; Walker v. Erie-Lackawanna R. R. Co., 43 Misc 2d 1098.)
The notice in question by plaintiff indicates that the rules and regulations mentioned may be desired for “ possible copying ”. Use of the documents or objects produced upon the examination is not limited as it once was to refreshing the recollection of the person being examined since, now, the pertinent portions of documents may be inspected and copied by the examining party (CPLB 3116, subd. [c]; Waddell, New York Practice Under the CPLB, pp. 238-239).
Defendant’s application is granted to the extent of modifying the notice so as to provide that the examination of defendant shall be by one or more of its officers, directors or employees having knowledge of the facts and so as to provide that defendant produce at such examination the books, papers and things above enumerated provided they are not (1) unnecessary, immaterial, privileged or work product, or (2) material prepared for litigation; without prejudice to an application by plaintiff for the production of material prepared for litigation in the event the court shall find that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship.
Plaintiff has cross-moved, asking in effect: (1) that the named physicians be examined as officers, directors, agents or employees of defendant; (2) that those physicians no longer associated with defendant be examined as witnesses; (3) that defendant produce the reports mentioned in the notice of examination ‘ ‘ except that specifically compiled in preparation for litigation ” and (4) to require defendant to serve a bill of particulars. Items “ 1 ” and “ 3 ” have been decided in connection with the original application of defendant and are denied on the cross motion as academic, without prejudice to an application for the examination of any person as a witness upon a sufficient showing (see CPLB 3101, subd. [a], pars. [3], [4]). On argument, it was indicated that that part of the cross motion listed as ‘<4” above had been withdrawn.
*1021 That part of the cross motion seeking to examine physicians no longer associated with defendant, as witnesses, is denied, without prejudice to renewal on sufficient papers (cf. CPLit 3101, subd. [a], pars. [3], [4]; 3 Weinstein-Korn-Miller, pars. 3101.30, 3101.31, 3101.32; Carmody-Forkosch, New York Practice, § 625). It would appear that a great deal of difficulty and confusion in determining the question can be avoided by awaiting the outcome of the examination of defendant by its officers, directors or employees. As a matter of fact, an affidavit by one of plaintiff’s attorneys, submitted subsequent to argument, states: “ However, if the Court feels that the move to examine them as witnesses is premature, as the facts may be developed through other witnesses provided by the defendant, and deponent requests that the Court reserve the right of the plaintiff herein to renew proceedings to examine the said former employees or agents of the hospital as witnesses.”