Murray T. Feiden, J.
This is an action for wrongful death arising out of alleged malpractice. There are two separate but related motions pending. One is a renewal of a motion to restore the case to the calendar and for other relief, and the other is a motion for an order directing the defendants to produce various witnesses for examinations before trial, with the third-party defendant, Midwest Blood Service, Inc., joining in said motion. The latter motion will be discussed first.
If the travail of plaintiff’s attorneys in this malpractice action were merely confined to this isolated instance, there would be no cause for extensive comment by this court. However, the situation here is typical of far too many actions involving alleged malpractice and the court hopes that its opinion will have some salutary effect in averting unnecessary motions in similar situations in the future.
Brushing aside the technical arguments advanced by the defendants, it clearly appears that the plaintiff has been met with the hurdles often placed in the path of a plaintiff in mal *662 practice disclosure proceedings. It would be euphemistic to characterize the defendants’ conduct as unco-operative. Such conduct results in burdening the court with unnecessary motions for relief which should be available on a consensual basis (Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 14; Semsky v. Jo-Mar Bake Shop, 12 Misc 2d 371).
After several adjournments the plaintiff was finally able to start examining the defendants, Jewish Hospital of Brooklyn and Adelphi Hospital of Brooklyn. Adelphi Hospital produced on its behalf a lay witness who obviously had insufficient knowledge to answer questions properly. The defendant Jewish Hospital of Brooklyn produced as its witness a lawyer who is also an assistant director of the hospital. He was not connected with said hospital at the time of the alleged malpractice and did not have sufficient knowledge. The plaintiff has incorporated some of the testimony in his moving papers. It appears that many of the signatures and statements in the hospital records, as to which questions were addressed, were illegible, and that although the production of proper witnesses would have been helpful in deciphering these illegible signatures and statements, the witnesses produced were of very little help. Many objections were raised that the record spoke for itself and that the questions called for expert opinion. Some of these objections were well taken but others were untenable with respect to that part of the hospital record which is illegible. It may be, as argued by the aforesaid defendants, that plaintiff’s attorneys should have sought rulings on the objections before the Justice sitting in Special Term, Part II, but in the final analysis the fact remains that the witnesses produced could not have provided fruitful examinations before trial.
It is well settled that where a corporation is to be examined as an adverse party, the corporation and not the examining party has the right, in the first instance, to choose the witnesses to be produced, but, if it appears that the person produced has no knowledge or inadequate knowledge or that another officer or employee has more direct knowledge, the court may give further direction broadening the inquiry to include other witnesses who will adequately meet the scope of the examination (United States Overseas Airlines v. Cox, 283 App. Div. 31; Schacht Steel Constr. v. Brecher, 2 A D 2d 967; Shanfeld v. 6601 Corp., 34 Misc 2d 26; Martinez v. Union School Dist. No. 4, 41 Misc 2d 661). "While the corporate defendants had the right in the first instance to choose the witness to be examined, they should have made a bona fide effort to submit a knowledgeable witness (Kozak v. 244 East 2nd Realty, 25 Misc 2d 437, 439).
*663 The plaintiff has not been successful in obtaining any examinations whatsoever with respect to the doctors named as defendants although a notice for examination of these defendants was served January 15, 1965. It is argued by said defendants that the plaintiff did not serve a notice to examine said defendants until 13 months after service and filing of a note of issue without filing a statement of readiness, and that rule IX, part 7, of the Special Buies of the Supreme Court, Appellate Division, Second Department, provides that all rights to conduct an examination before trial are waived unless a notice to conduct the same is served within 60 days after service of the note of issue. This argument has no merit because said defendants failed to move to vacate the notice of examination before trial (Kohn v. Rockaway Crest Section No. 1, 4 A D 2d 877). The defendants seek to avoid the consequences of their own default in observing the rules by arguing that the notice was palpably bad so that there was no obligation to move to vacate said notice. It is poor practice for the defendants to make a unilateral determination of what is palpably bad. The cases cited by the defendants are inapposite. Furthermore, defendants are estopped from attacking the validity of the said notice by seeking and obtaining adjournments of said examinations without reserving their right to move to vacate such notice (see Mossew v. To Market, Inc., 3 A D 2d 189; Brand v. Colgate-Palmolive Co., 21 A D 2d 670; Sutphin Realty Co. v. Breinig, 206 App. Div. 713; Schweinburg v. Altman, 131 App. Div. 795; Kozak v. 244 East 2nd Realty, supra). The court is aware that in the case of Geissen v. Presbyterian Hosp. (N. Y. L. J., Nov. 8, 1965, p. 16, col. 5 [Sup. Ct., N. Y. County, Spec. Term, Part I, Mangan, J.]), cited by defendants, it was held otherwise where the adjournment was not by written stipulation. In the Kozak case the stipulations were oral but the court nevertheless held there was a waiver. This court does not see fit to follow the Geissen case because the decisions in the Appellate Division cases did not turn upon the question of whether the stipulation was written or oral (except in the Sclmeinburg v. Altman case, where a specific court rule required a written stipulation), and this court sees no reason why any distinction should be made in view of the commonly accepted practice of attorneys to honor oral stipulations. The existence of a written stipulation would only be pertinent if there were any dispute as to the facls. Here it is not disputed that defendants sought and obtained adjournments. It cannot be said that the parties’ stipulation as to adjournments was not consonant with the statement of readiness rule under the particular circumstances of this case where plaintiff’s attorney *664 was merely seeking to accommodate the defendant doctors (Padilla v. Damascus, 16 A D 2d 71, affd. 12 N Y 2d 1059). In any event, rule VI or VII of part 7 of the Special Buies of the Supreme Court, Appellate Division, Second Department, authorizes the relief requested herein.
The defendant doctors state that they are ready, willing and able to submit to an examination before trial, but that they are actively engaged in their professions and that each doctor is able to appear only at specified times on specified days. However, they do not even offer to explain why they have failed to appear from the end of March, 1965 up to the present time although plaintiff’s attorneys appear to have been willing to co-operate. It also appears without contradiction that the attorneys for these doctors have refused to indicate to plaintiff’s attorneys any date when they and their attorneys could appear for examination. Should these defendants fail to appear expeditiously, the court will entertain a motion to strike their answers.
The plaintiff’s motion for examinations before trial is granted except insofar as it seeks to examine the Jewish Hospital of Brooklyn by its former resident, Dr. Sheine, and by Dr. Bosenberg, if they are no longer employed by or under the control of said defendant. The records and documents mentioned in the notice of deposition shall be used in accordance with CPLB 3111. If the parties cannot agree on a mutually convenient time and place to conduct the examinations before trial, the order shall fix a time and place with due consideration for the days of the week on which the doctors have stated they will be available as set forth in the defendants’ opposing affidavits.
In a related but separate motion, plaintiff renews, with prior leave of the court, her application to restore the action to the Trial Calendar and for leave to serve a proposed statement of readiness reserving plaintiff’s right to conduct examinations before trial as outlined in the first motion herein.
Issue was joined on September 7, 1963. A note of issue without a statement of readiness was filed on December 4, 1963, and the case was automatically stricken from the calendar on December 4, 1964 for failure to file such statement. The plaintiff’s attorneys did not serve a notice to examine defendants before trial until January 15, 1965. Plaintiff’s attorneys explain their delay on the ground that pending motions with respect to a demand for a bill of particulars prevented the serving of a bill of particulars, and had they served a notice of examination before trial before serving a bill of particulars, they would have been met with opposition on that score. Although it might be true, as claimed by defendants, that there is no rule requiring *665 plaintiff to serve a "bill of particulars before an examination before trial in a malpractice action, citing Buchholz v. Mid-Island Hosp. (17 Misc 2d 155) and Rodriguez v. Manhattan & Bronx Surface Tr. Operating Auth. (40 Misc 2d 1053), it is equally true that defendants would have objected to discovery proceedings before the service of a bill of particulars despite the defendants’ righteous posture in the instant case that such prior service was not necessary. As a matter of fact a recent decision upholds the defendants’ prior right to a bill of particulars (Williams v. Weissberg Corp., 24 A D 2d 940).
Although plaintiff has not proceeded with all possible speed, and has not accounted for the entire period of delay, nevertheless, as appears from the discussion in the first motion, defendants themselves are guilty of inexcusable delay in failing to afford plaintiff an opportunity to conduct proper examinations before trial, so that the defendants’ argument with respect to delay is presented with ill grace. As was stated in Floyd v. United Hosp. of Port Chester (13 A D 2d 788): “While the delay * * * was considerable, such delay was occasioned, at least in part, by the defendant doctors’ failure to co-operate in completing their examinations before trial.”
An important consideration in the disposition of this motion is the fact that if the action is not restored to the calendar, the Statute of Limitations will deprive plaintiff of her day in court (Parshall v. Grand Leasing Corp., 17 A D 2d 953; Carbonel v. Ocasio, 41 Misc 2d 33, affd. 19 A D 2d 799). The courts will not exact this ultimate penalty from a plaintiff or her attorneys where, as in the instant case, there is a sufficient demonstration that plaintiff intends to proceed with the action rather than abandon it, and where defendants have not shown any prejudice resulting from the delay and have, at least partially, acquiesced in the leisurely conduct of the action and have contributed to the over-all delay (Brill v. County of Westchester, 4 A D 2d 690; Keller v. National Auto Renting Co., 10 A D 2d 578; Ostan v. 40 Realty, 11 A D 2d 710; Boyle v. Krebs & Schultz Motors, 18 A D 2d 1010; Marco v. Sachs, 10 N Y 2d 542, 550, 551; Car-Vel Realty Corp. v. Ginsburg, 8 A D 2d 948; Floyd v. United Hosp. of Port Chester, supra). Finally, this court feels that some of the strict rules applicable to motions to dismiss for lack of prosecution are not applicable to a situation where an action has not been abandoned but is automatically stricken from the calendar for failure to file a statement of readiness or to make timely application to extend plaintiff’s time to file such statement (Marco v. Sachs, supra, p. 550).
*666 The objections to the plaintiff’s affidavit of merits have become academic in view of the submission of a supplementary affidavit of merits by a duly licensed physician of the City and State of New York which contains a detailed medical history and a definite opinion that there was malpractice. Having in mind the difficulties encountered in obtaining proof in a wrongful death action involving malpractice and that the defendants, by delaying plaintiff’s examinations before trial, have deprived plaintiff of additional medical information which might have been incorporated in an affidavit of merits, this court feels that plaintiff has clearly demonstrated a meritorious cause of action which she is prepared to prove at trial within the meaning of Grisafi v. Rubinstein (8 A D 2d 742, rearg. den. 8 A D 2d 936). Under the circumstances it would be an undue burden to require plaintiff’s affidavits of merit to pinpoint with greater particularity the malpractice of each defendant.
The motion to restore is granted, reserving the plaintiff’s right to complete her examinations before trial. The case is to be restored to the foot of the calendar upon the filing of a new note of issue without the payment of any additional fee (Scully v. Jefferson Truck Renting Corp., 43 Misc 2d 48).