Dorothea E. Donaldson, J.
The claim involved in this motion is based upon personal injuries to Lawrence J. Toly and the wrongful death of Rose Tely, resulting from an automobile collision accident in the afternoon of July 15, 1962 on Route 6 approximately one-half mile east of Wes town Road near the Town of Greenville, Orange County, New York. The liability of the State is predicated upon its alleged negligence in the maintenance, construction or repair of the highway and its shoulders at the site of the accident. In this motion, the claimant, suing individually and as administrator, is seeking an order directing that the State of New York produce for an examination before trial “ such of its officers, agents and employees, having knowledge of the state and condition of the public highway known as Route 6 * * * and its shoulders and ledges at or near the point of accident ”, and directing the production for discovery and inspection of certain reports, work orders, plans and specifications, documents, records and photographs pertaining generally to the maintenance and construction of the highway and its shoulders and ledges in the vicinity of the said accident, the facts of the accident and of any prior accidents and of any safety or survey detail of the highway.
The State orally opposed that portion of the motion requesting discovery and inspection and submitted modifications to the examination before trial.
Claimant relied upon the opinion expressed by this court in Luddy v. State of New York (45 Misc 2d 948) based upon the inference therein that the liberalization of the Civil Practice Act as expressed in the CPLR 3111 and 3120 permits either the combination of an examination before trial with a general discovery and inspection, or an examination before trial parallel with general discovery and inspection.' The Attorney-General maintained that these are separate and distinct remedies, separately provided for, and as such, may neither be combined nor paralleled. Proper procedure requii’es that a pretrial examination be held before a discovery and inspection of “ specifically designated documents ” should be permitted (CPLR 3120, subd. 1). (Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918; Coffey v. Orbachs, Inc., 22 A D 2d 317.) It is only when the *420 items sought have been specified with reasonable particularity can the court determine intelligently whether a specific item should be denied (CPLR 3103) on the ground that the item is an attorney’s work product or on one of the other grounds which are set forth in CPLR 3101. (Rios v. Donovan, 21 A D 2d 409.)
While it is recognized that discovery and inspection under article 31 of the CPLR is applicable to the Court of Claims (Di Santo v. State of New York, 22 A D 2d 289) and while the policy contained within such article is to broaden disclosure procedures, discovery cannot be permitted to substitute for the independent investigation of facts which may be available to the parties.
Where any element of vagueness exists, a motion for discovery and inspection is denied, unless documents are specifically designated. (Colbert v. Home Ind. Co., 45 Misc 2d 1093.)
The State has agreed that such books and records as are available will be produced for the purpose of refreshing the recollection of witnesses at the examination before trial. If, in the course of the examination before trial, claimant ascertains sufficient specific data, a motion for discovery and inspection would then lie.
To certain portions of the motion for examination before trial the Attorney-General contended that subdivision 2 of section 17 of the Court of Claims Act expressly or by necessary implication limited the examination to one State employee. This interpretation rested upon the definition of the article “an” as singular and not plural. If the State could produce one individual who possessed all the requisite knowledge demanded by the examination, then the statute would be applicable. However, in the course of human events, there seems to be no such exceptional employee, so that it would be absurd to accept this contention. The State has the privilege of designating the officer or employee who has the greatest span of the desired knowledge and then has the responsibility to produce such other officers or employees to supply the missing information.
The State also raised objections to subsections of paragraph Two of the motion, pertaining to production for refreshing the recollection of witnesses at the examination before trial. They have been considered.
Accordingly, it is the decision of the court that claimant’s motion for discovery and inspection as combined with or parallel to an examination before trial is denied. The motion is granted to the extent that the claimant is entitled to an examination of the State of New York by such of its officers, agents and employees having knowledge of the state and condition of Route *421 6 and its shoulders and ledges at or near the point of the accident allegedly the cause for this claim and to the production, for the purpose of refreshing the recollection of witnesses, of certain reports, work orders, plans and specifications, documents, records and photographs pertaining generally to the maintenance and construction of the highway and its shoulders and ledges in the vicinity of the alleged accident, to the facts of prior accidents and to any safety or survey detail of the highway. More specifically, the following items in the possession of the State of New York or any agents or departments thereof are to be available:
1. Reports of inspections made of the wearing surface and shoulders of said Route 6 for one-half mile in both directions from the point of the alleged accident, for a period of six months prior to July 15,1962.
2. Work reports of the highway maintenance crew and the foreman’s log relating to the construction, reconstruction, repairs and maintenance of that portion of Route 6 hereinbefore mentioned, for a period of six months prior to the alleged accident.
3. Work orders showing the work to he done and showing the type and quantities of materials to be used in any construction, reconstruction, repairs and maintenance to that portion of Route 6 hereinbefore referred to, for a period of six months prior to the alleged accident.
4. Reports of any safety or survey detail relating to the condition of that portion of Route 6 hereinbefore referred to, including the shoulders and ledges thereof, for the same six-month prior period.
5. Any photographs taken at or near the point of the alleged accident showing Route 6, and the shoulders and ledges thereof, which were taken at the scene of the alleged accident Avithin two Avccks prior or two weeks subsequent to July 15, 1962.
6. Any records or reports of accidents occurring at or near the scene of said accident within tAvo years prior to July 15,1962.
7. Construction or repair plans for that portion of Route 6 hereinbefore referred to as it was last constructed, reconstructed or repaired Avithin six months prior to July 15, 1962.