Jack Stanislaw, J.
In this wrongful death action, administratrix-plaintiff Haire noticed an examination before trial of defendants Long Island Bail Boad and Bell, an engineer, and required production of certain specified documents at that same time. In addition, a notice was served for the purpose of having defendant Bell submit to a physical examination. These notices are the subject of the defendants’ one motion for orders of protection.
The notice to examine specifically indicates that it be by 1 ‘ a person or parties ’ ’ with knowledge and familiarity regarding the construction and maintenance of the track, trestle and overpass the situs of the actionable occurrence, and the personnel records, particularly as to the physical, mental and emotional status, of defendant Bell. This notice also asks for production of statements or reports of the accident, including photographs, measurements, sketches and diagrams, as well as that same personnel file of Bell’s, as well as records pertaining to Bell’s prior railroad accidents.
Defendants object to production of the items specified, i.e., statements, photographs, etc., at the examination, as being called for without proper foundation. Statements, in particular, are said to be privileged in any event as materials prepared for litigation. These were allegedly taken by an investigator employed by the railroad, in anticipation of a lawsuit, while under the supervision and direction of its attorney.
Examination of Bell and of the railroad, per se, is not, nor can it be, seriously objected to as a general proposition. That *538 Haire has attempted to indicate, insofar as the prospective examinee on behalf of the railroad, the particular knowledge to be available and developed in the course of the examination does not reduce defendant’s overriding privilege of selection of its examinee in the first instance notwithstanding the suggested qualifications (Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918). When questions are put to the information plaintiff states she will attempt to develop, defendants can obtain protection through objection and ruling. We cannot now sustain objections to mere probabilities.
Issue is really created as to the documentary "and other production noticed to accompany the examination (CPLR 3111). Before characterizing the potential relevancy or admissibility of these items it is necessary to explore the nature of that which may be produced. This becomes important because defendant’s argument is grounded upon the (exclusive) amenability of these same items to discovery and inspection, a correlation which is not clearly available in every instance. However, as to statements or reports of railroad employees, if any exist, the contention that they are not discoverable at all because prepared for litigation (CPLR 3101, subd. [d], par. 2) deserves consideration. Such materials may be, assuming no injustice or undue hardship otherwise, unobtainable. This qualification applies to the otherwise full scope of disclosure generally outlined at CPLR 3101. Therefore production, at CPLR 3111, obviously a form or category of disclosure, means that an exemption from disclosure of materials prepared for litigation pervades that “ production ” section (Rutherford v. Albany Med. Center Hosp., 48 Misc 2d 1017).
Despite the quasi-privileged relationship between the defendant’s attorney and its investigator which is said to definitively identify the statements in question as materials prepared for litigation, we are not thus precluded from any further inquiry on the subject. With the documents sufficiently identified (cf. Hable v. Anderson, 47 Misc 2d 318; Colbert s. Home Ind. Co., 45 Misc 2d 1093, affd. 24 A D 2d 1080; Tely v. State of New York, 49 Misc 2d 418), we are simply relegated to an analysis of the investigator-attorney relationship itself and the nonprejudicial actuality of the alleged immunity of the statements. Those statements can possibly be classified as other than litigation material, and as made in the ordinary course of the railroad’s business (Weisgold s. Kiamesha Concord, 51 Misc 2d 456). To the extent that full disclosure of things generally is the rule unless they are otherwise specifically immunized, the burden of demonstrating the appropriate conditional immunity must be *539 upon the party asserting it. There is no little difficulty to be encountered in accepting the converse of that proposition as the rule, that statements, for instance, are not discoverable until a party seeking them sustains a severe burden of refuting apparent immunity (Weisgold v. Kiamesha Concord, supra; cf. Wells v. Sinning, N. Y. L. J., April 3,1967, p. 21, col. 2).
The defendants, by recitation of an attorney-investigator relationship only, have not shown the statements alluded to to be materials prepared for litigation pursuant to CPLR 3101 (subd. [d]). Therefore, they shall be produced on and for use at the examination (see Rutherford v. Albany Med. Center Hosp., 48 Misc 2d 1017, supra). The other items noticed for production are neither sufficiently identified nor available otherwise for similar production, however.
The complaint alleges, and the answer denies, that defendant railroad improperly designed, constructed and maintained the subject track, trestle and overpass, and improperly retained an incompetent employee. As to the former, to the extent that plaintiff has asked for production of photographs, measurements, sketches and diagrams they are not sufficiently identified, if at all, at this time and the motion is granted in this regard. On the other hand, Bell’s personnel file, insofar as it contains pertinent information of his physical and mental capabilities, is subject to production given the joinder of issue to this extent. The data sought are unquestionably material, necessary and vulnerable. In the same vein, issue upon allegations regarding defendant’s negligence in having retained an incompetent employee, especially in terms of his previous accidents, makes this much of Bell’s file similarly amenable to production (Eifert v. Bush, 51 Misc 2d 248).
The same reasoning which permits the production of physical and mental condition reports on examination, that a controversy exists, allows plaintiff’s physical examination of Bell as well (Constantine v. Diello, 24 A D 2d 821; Fisher v. Fossett, 45 Misc 2d 757; CPLR 3121, subd. [a]). Whether the prerequisite “controversy” is more or less than issue joined, as here, the clear posture of the parties is certainly indicative of controversy over and above the pleadings. There is no need to dwell upon comparative definitions.
The motion is denied except as it relates to those items set forth in plaintiff’s notice at “ 1 ” relating to “photographs, measurements, sketches and diagrams ’ ’. As to these latter items the motion is granted.