Alexander Del Giorno, J.
The claim herein is based upon a breach of contract. Claimants have moved pursuant to article 31 of the CPLR and section 17 of the Court of Claims Act for an *109 order granting discovery and inspection of a large number of documents and records in the possession of the State of New York pertaining to the particulars of the claim herein, and for an order directing an examination before trial of the State by a person having knowledge of the facts, to be held in conjunction with or subsequent to the production of the requested documents. The State opposes only that part of the motion pertaining to discovery and inspection. This opposition is predicated upon the grounds that the scope of the items requestéd is too broad, the documents sought to be obtained are not described with sufficient particularity and proper procedure dictates the holding of an oral examination before trial prior to the granting of any order for discovery and inspection.
That article 31 of the CPLR is applicable to actions in the Court of Claims is no longer open to question. (Di Santo v. State of New York, 22 A D 2d 289 [3d Dept., 1964]; Luddy v. State of New York, 45 Misc 2d 948 [Ct. of Claims, 1965].) It is to be noted, however, that the provisions calling for separate treatment of production of materials incidental to an examination before trial and production solely for discovery and inspection purposes have been retained in article 31 in much the same manner as they had existed in the former Civil Practice Act. (See Civ. Prac. Act, §§ 296 and 324.) On the present motion claimants do not specify which provision of article 31 they are proceeding under. However, since claimants have in form requested production of material for use in connection with an examination before trial, the court will deem the motion to have been made pursuant to CPLR 3111 rather than the general discovery and inspection provisions of CPLR 3120.
The courts have consistently given a broad construction and interpretation to the provisions of article 31. This is in conformity with the express provision of CPLR 104 which states that the CPLR “ shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” This court is of the opinion that the disclosure provisions of article 31 were clearly intended to enlarge the permissible use of pretrial procedure. Nevertheless, the method of obtaining disclosure by discovery and inspection under CPLR 3120 is to be distinguished from the limited discovery permissible under CPLR 3111 in the course of taking a deposition. One of the purposes of CPLR 3120 was to prevent the service of burdensome, excessive and overly generalized requests, and thereby reduce the use of “fishing expeditions” in place of independent investigation and research. Accordingly, it is generally conceded that this type of disclosure should not be *110 made use of until after the holding of oral examinations before trial. (Rios v. Donovan, 21 A D 2d 409, [1st Dept., 1964].) In that manner the documents sought to be discovered and inspected can be properly identified, and the required specificity obtained.
This is not to say that certain documents should not also be made available under the limited discovery provided by CPLR 3111. However, the documents produced pursuant to CPLR 3111 are to be examined as an incident to the oral examination before trial and not as an end in themselves. When viewed in this light, a great many of the requests for discovery and inspection contained in claimants’ moving papers cannot be sustained. Requests in the nature of those presented therein are better reserved until the completion of the pretrial depositions. In that way, the court will be in a better position to determine whether further or additional discovery should be allowed. However, those items which are directed to be produced at the time of an oral examination before trial are not to be used solely for the purpose of refreshing the recollection of the party being examined. The extent to which the materials produced can be used is no longer limited, as it once was, to that purpose. Now, under CPLR 3111 the pertinent portions of documents may be inspected and copied by the examining party. (Rutherford v. Albany Med. Center Hosp., 48 Misc 2d 1017 [Sup. Ct., Albany County, 1965].)
That part of claimants’ motion requesting an oral examination before trial of the State is granted, there being no opposition thereto. That part of claimants’ motion requesting a discovery and inspection of certain documents numbered 1 to 16 in the motion papers is denied with the exception of those documents numbered 1, 2, 3, 7 and 14, since these are complete and specific documents which established the basic relationship between the parties, and as to these it is granted, Avith the further direction that the State produce said documents numbered 1, 2, 3, 7 and 14 at the time and place set for the oral examination before trial, and allow the attorneys representing the claimants to inspect and copy any of said documents which they may deem necessary. The denial of the request for discovery and inspection of the remaining documents set forth in the moving papers is without prejudice to a renewal thereof pursuant to CPLR 3120 at the conclusion of the oral examination before trial if claimants be so advised.