■ MARIANNE L. WOLFRAM, Appellant, v PETER E. STOKES et al., Respondents.—Order, Supreme Court, New York County, entered June 30, 1975, unanimously modified, on the law and in the exercise of discretion, to the extent of permitting further examination of defendant Stokes, and directing him to produce all items sought by plaintiff except those already produced and Items C and E, and otherwise affirmed, without costs, and without

disbursements. Order, Supreme Court, New York County, entered September 9, 1974, unanimously affirmed, without costs, and without disbursements. Although defendant Stokes has been examined on four different dates, it does not appear whether on the last date, January 3, 1975, his examination was concluded or merely adjourned. Hence, plaintiff will be afforded another opportunity to complete the examination. With respect to the documents sought to be produced: Production of documents under CPLR 3111 is limited to those which may be examined as an incident to oral examination (see *Grow Constr. Co. v State of New York,* 54 Misc 2d 108) providing, of course, they are material and necessary to the proceeding (CPLR 3101). All items demanded except those under C and E fall within that category. Demand C is overbroad. The documents requested by E are not relevant. Even if considered under CPLR 3120, said demands C and E need not be complied with, as they are not specific with reasonable certainty *(Rios v Donovan,* 21 AD2d 409) and are tantamount to general discovery *(Arett Sales Corp. v Island Garden Center of Queens,* 25 AD2d 546). The court below properly permitted the defaulting defendants to open their default and serve an answer. As soon as they realized their default, they attempted to serve an answer, which however plaintiff rejected. The default was excusable, having occurred because of administrative (clerical) error in the office of defendant Payne Whitney Psychiatric Clinic, to whom said defendants had forwarded their copies of the summons and complaint for answer by the attorneys representing all defendants. Further, said defendants asserted a meritorious defense, to wit, that all treatment administered to plaintiff was proper and that her participation in the experiments involved was voluntary and incidental to the basic treatment. There was no prejudice to plaintiff in opening the default of these defendants in view of the answers served by the other defendants against whom the complaint was directed. Accordingly, the court below did not abuse its discretion in relieving them of their default *(Batista v St. Luke's Hosp.,* 46 AD2d 806). It was appropriate for the court below to deny plaintiff's motion to extend time to serve a bill of particulars until completion of the deposition of the defendants and to require service of an interim bill within 20 days of the publication of the order. While it may be proper in some cases to permit a plaintiff to delay service of a bill of particulars where the information requested in the bill is peculiarly within the knowledge of the defendants *(Matter of Reynolds,* 38 AD2d 788; *King v McCormick,* 19 AD2d 874), such procedure is unnecessary here. The brief of plaintiff demonstrates knowledge sufficient to supply the information sought in the bill of particulars. Moreover, the court below permitted service of a supplemental bill upon completion of the depositions. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.