■ SAMUEL A. INDILICATO et al., Respondents, v PACIFIC POOL INDUSTRIES, INC., Appellant, et al., Defendants. (And a Third-Party Action.) — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered December 10, 1982 in Saratoga County, which directed that the answer of defendant Pacific Pool Industries, Inc., be stricken unless defendant complies with demand number 10 of plaintiffs' notice for discovery and inspection dated April 27, 1982. Following service upon it of plaintiff's notice for discovery and inspection containing 10 items, defendant Pacific Pool Industries, Inc. (defendant) complied with nine of the demands, but made no attempt to comply with demand number 10, which sought "[a]ll claims, correspondence, and legal pleadings received by the defendant relating to 'Pacific-type' pools for the time of their first manufacture to date relating [to] allegations of defects in the design or construction of 'Pacific-type' pools". Plaintiffs moved, pursuant to CPLR 3124 and 3126, for an order compelling disclosure or striking defendant's answer. Defendant opposed the motion, objecting to demand number 10 on the ground that the demand was overly broad and sought information not relevant to the litigation, a tort claim seeking, *inter alia,* damages for physical injuries allegedly caused to plaintiff Leslie C. Indilicato by a defective swimming pool manufactured and installed by defendant. Special Term granted a conditional order striking defendant's answer. We affirm. CPLR 3122 contains the mechanism whereby defendant's objection should have been asserted in a motion for a protective order. Defendant made no attempt to seek a protective order and offers no excuse for its failure to do so. "In the absence of a viable excuse, failure to move is a waiver of the objection, except as to any item which falls under an exclusionary provision of CPLR 3101 [citations omitted]" (*Frazier v Alphonso,* 86 AD2d 945, 946). Defendant's objection is not encompassed by any of the specific exclusionary provisions of CPLR 3101, but defendant maintains that an objection based upon lack of particularity and relevancy is so fundamental that it, too, is not waived by failure to move for a protective order. There is authority for this proposition (see *Hable v Anderson,* 47 Misc 2d 318, 319 [Witmer, J.]; see, also, Siegel, NY Prac, § 362, p 455), but in our view the demand at issue here is not so overly broad as to constitute a "fishing expedition" (cf. *Hable v Anderson,* 47 Misc 2d 318, *supra*). On the contrary, based upon information obtained from defendant's agent at an examination before trial, plaintiffs limited their request to the type of pool involved in the underlying accident, which defendant manufactured for a number of years. Defendant also suggests that much of the material sought might be irrelevant and that some of the material might be attorney's work product, but at this stage of the proceedings these unsupported assertions are insufficient to defeat plaintiffs' motion. Order affirmed, with costs. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.