NEW YORK TELEPHONE COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Defendant, Impleaded with ROSOFF SUBWAY CONSTRUCTION CO., INC., Appellant.

First Department, October 30, 1936.

*Jacob I. Goodstein,* for the appellant.

*Irving W. Young, Jr.,* of counsel [*Earle M. Simonson* with him on the brief; *Charles T. Russell,* attorney], for the respondent.

PER CURIAM. The defendant-appellant may not be examined through employees who are no longer in its service. (*McGowan* v. *Eastman,* 271 N. Y. 195; *Cocolicchio* v. *Emigrant Industrial Savings Bank,* 248 App. Div. 196.) In lieu also of producing its president and vice-president for examination, the defendant-appellant may produce Fred W. Stiefel, its chief engineer, since he is shown to be the person familiar with the facts.

It is impossible to determine from the complaint whether all the items concerning which an examination is sought will be material. We are, however, of the opinion that the plaintiff is entitled to an examination of the defendant-appellant concerning the following allegations of the complaint:

1. That said defendant-appellant negligently had left the plaintiff's wires, cables, electrical conductors and appurtenances exposed to the hazard of fire without adequate precaution to protect said wires, cables, electrical conductors and appurtenances from damage thereby.

2. That prior to the fire the said defendant-appellant negligently permitted the use, storage or accumulation of inflammable material in proximity to said wires, cables, electrical conductors and appurtenances without adequate precaution.

3. That the said defendant-appellant conducted its operations in such a way as to permit said inflammable material to become a source of danger through fire to the plaintiff's wires, cables, electrical conductors and appurtenances.

The order appealed from should be modified accordingly, and as so modified affirmed, without costs to either party.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.

Order unanimously modified in accordance with opinion, and as so modified affirmed, without costs to either party.

The date for the examination to proceed to be fixed in the order. Settle order on notice.