GEORGE A. TITTERINGTON, as Executor, etc., of MORRIS M. TITTERINGTON, Respondent, v. PIONEER INSTRUMENT COMPANY, INC., Appellant, and CHARLES H. COLVIN, Defendant.— Order modified in the following respects: (1) That the examination be limited from June 10, 1929, the date of delivery of the stock; (2) by providing that, instead of an inspection and discovery, the books be used for the purpose of refreshing the recollection of witnesses, without prejudice to an application to Special Term if the necessity for inspection and discovery be disclosed; (3) that the examination of appellant be limited to one representative, if he knows all of the relevant facts, but that others may be examined if necessary; that instead of providing for the examination of five persons at the same time, the order provide for the examination of such persons as appellant may name, their examinations to be had at different times; (4) that, if appellant prefer, the examination may be conducted before an official referee, the books to be presented to him at his official room. As so modified, the order is affirmed, without costs. In permitting the examination of appellant on the items in the order, the court does not intend to grant a roving commission to enable plaintiff to pry into the affairs of appellant, either for the purpose of obtaining information not relevant to the litigation or to annoy the defendant corporation. The sole and only purpose of the examination is to ascertain whether Pioneer Instrument Company, Inc., had a surplus for the purpose of buying plaintiff's stock or declaring a dividend thereon; whether assets have been concealed; whether obligations have been illegally incurred, and whether assets have been wrongfully transferred. These are some of the subjects of inquiry. The enumeration of them does not exclude others. It may be that, in tracing transactions, matters which involve the judgment of the directors of the corporate defendant may be scrutinized. When that is disclosed, the examination of such items must cease. The taking of copies and photographs of books and papers should be deferred until the conclusion of the examination, when their relevancy may be determined by the referee or the court. Lazansky, P. J., Hagarty, Adel and Close, JJ., concur; Carswell, J., dissents and votes to affirm without modification. Settle order on two days' notice.

JOSEPH WARSHOW and ROSE W. LEVY, as Executors, etc., of HENRY WARSHOW, Deceased, Appellants, and JENNIE WENER, Plaintiff, v. FRANCES HERRON and Others, Defendants, and BERTHA S. KING, as Committee of SIMON KING, an Incompetent Person, Respondent.— Appeal from order made the 13th day of November, 1937, referring proceedings to an official referee to take testimony and report with respect to the amount due on a bond and mortgage and receipt of income from the mortgaged premises, dismissed, without costs. (*Luttenberger* v. *Alpert Woodworking Corp.*, 252 App. Div. 862.) Appeal from order granting in part and denying in part motion to resettle order of November 13, 1937, dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.