United States Overseas Airlines, Inc., Appellant, *v.* Lorraine Cox, Individually and as Receiver and Sequestrator of the Property of Ralph Cox, Jr., Respondent.

First Department, December 8, 1953.

*Leonard S. Halpert* for appellant.

*Irving I. Erdheim* of counsel (*Donald B. White* and *Edward M. Chapian* with him on the brief; *Erdheim & Armstrong,* attorneys), for respondent.

*Per Curiam.* The order at Special Term permits the examination of the plaintiff corporation as an adverse party through a witness selected for the purpose by the defendant in her notice of examination. There is a dispute about the status in the corporation of the witness whose testimony is to be taken under the order here reviewed.

The " adverse party " to be examined is the plaintiff corporation and not its officers or employees as such. Individual witnesses become the instruments, merely, by which the corporate examination is effected. (Civ. Prac. Act, § 289.)

The general rule is that a corporation to be examined as an adverse party may produce those officers or employees having knowledge of the facts under inquiry, and the choice of witnesses does not rest in the first instance with the examining party. (*New York Tel. Co.* v. *City of New York,* 248 App. Div. 474; *Titterington* v. *Pioneer Instrument Co.,* 254 App. Div. 699.)

If the person produced has no knowledge or inadequate knowledge, or if the court may be made to see as the result of the examination that another officer or employee has more direct knowledge of the facts, there is adequate power to make appropriate direction to produce such additional witness.

Plaintiff's offer to produce its vice-president as the officer having knowledge of the facts should be regarded prima facie

as a compliance with the direction that it be examined even if other persons may also know the facts. If it appears on the examination that he has not a knowledge of facts adequate to the scope of examination the court may give further direction broadening the inquiry to include other witnesses.

Such a direction could properly be given to take the testimony of Ralph Cox, Jr., the former president and sole stockholder of the plaintiff, the witness directed to be produced under the order herein.

We do not now pass on the propriety or necessity for such a direction. We hold merely that in the first instance a corporate party ought to have the right to produce in response to a requirement for its examination the officer or employee having knowledge of the material facts.

The order should be modified by permitting the examination of plaintiff to proceed upon the production of any witness having knowledge of the facts, without prejudice to an application by defendant for a direction that other witnesses be produced, and as thus modified affirmed, with $20 costs and disbursements.

COHN, J. P., BREITEL, BASTOW, BOTEIN and BERGAN, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellant. The date for the examination to proceed shall be fixed in the order. Settle order on notice.