Jambs S. Bboww, J.
Motion by one of the defendants to vacate or modify plaintiff’s notice of examination before trial.
The action is in negligence as a result of injuries received by plaintiff while a passenger on an airline owned by the defendant Northeast Airlines, Inc., and operated by the individual defendant. The motion seeks to examine the defendant airline through its named employee, the pilot on the airplane involved in the accident, who is also a defendant in the action but who has not been served with the summons or the complaint. It does not appear that he has been served with notice of this motion. It is alleged he resides in Florida but is temporarily residing in Massachusetts and is employed by the defendant airline in its Boston office.
Defendant objects to the examination on the ground that plaintiff may not, in the first instance, designate the person through whom the defendant is to be examined, that to compel the individual defendant to appear as a witness for examination might subject him to possible service in the litigation, as well as other suits arising out of the accident, and that the defendant corporation should not be required to direct one of its employees to travel to another State against his will and there subject himself to the probability of service in pending litigation and that therefore the notice should be vacated or, in the alternative, modified to require plaintiff to take the witness’ testimony in Boston. Defendant also objects to the notice of examination insofar as it required production of various documents and records on the ground that it is too vague and indefinite.
As to the probability of service on the witness upon attendance at an examination before trial under an order of the court, it has been held that such person is immune from service of civil process, where he is a nonresident and has not been personally served with an order for his examination (New England Industries v. Margiotti, 270 App. Div. 488, affd. without opinion 296 N. Y. 722). While the general rule is that the choice as to which of a party’s representatives is to be submitted for exami *764 nation is, in the first instance with the party to be examined (United States Overseas Airlines v. Cox, 283 App. Div. 31), the mere fact that a person is designated in the notice of examination does not require the court to vacate or modify the notice solely by reason thereof. Where it appears from the pleading and the motion papers that the person to be examined is the one most likely to have knowledge of the facts upon which examination is to be had and there is no claim that some other person has superior knowledge and that the corporation to be examined has not offered to produce such person with superior knowledge, there would seem to be no objection to ordering the designated person to appear. As was said in United States Overseas Airlines v. Cox (supra, p. 33): “We hold merely that in the first instance a corporate party ought to have the right to produce in response to a requirement for its examination the officer or employee having knowledge of the material facts.”
Defendant’s offer to present the witness for examination in Boston is not a sufficient reason for denying an examination in this State since there is no claim of hardship in the production of such witness for examination here, nor is there any claim made that the records of the defendant are in Boston and for that reason the examination should be held there. It may be assumed that they are lodged in New York, in which case an examination in Boston might necessitate several adjournments for the production of necessary records not available on the examination. In addition, it would be a hardship on plaintiff or the attorney to be required to hold such examination outside the State of New York. While plaintiff’s examination is vague and indefinite as to the records, etc., to be produced upon the examination, the affidavit of his attorney in opposition to the motion sets forth with sufficient identity the records which plaintiff seeks to have produced.
For all of the foregoing reasons, defendant’s motion is denied. Defendant is directed to appear for examination, by its employee Alva Marsh, at Special Term, Part II of this court at a time and on a date to be agreed upon and set forth in the order to be entered hereon. If the parties cannot agree, the court will fix the time. Defendant will produce upon such examination all pertinent books, records, documents, etc., including those described in the affidavit in opposition to the motion, for use pursuant to section 296 of the Civil Practice Act.
Settle order on notice.