Irving H. Saypol, J.
Motion by plaintiff for examination before trial of defendant. Defendant objects to the examination because its demand for a bill of particulars has gone unheeded to date. It states that it would agree to such examination provided it receives a bill of particulars 10 days before the examination. Since the alleged accident took place on a subway train, defendant is willing to produce at the examination the motorman and conductor, but objects to producing “ any other employee in the Engineering Department * * * who may have knowledge and facts pertaining to the operation of the safety mechanisms, including the emergency cord” since the aforementioned two may have such knowledge. Defendant also objects to the production of.“ all reports relating to the accident ’ ’ stating this should be limited by the language of section 296 of the Civil Practice Act, and to being examined as to facts relating to the operation of all trains operating on that line on the date in question.
In reply, plaintiff makes no mention of the failure to serve a bill of particulars, agrees that defendant’s last objection is “well taken,” claims that the Transit Police reports should be made available, and requests that the court obviate a future application to examine “any other employee” should the motorman and conductor have no knowledge of the facts called for.
■Since plaintiff does not contest defendant’s objection as to the operation of all the trains in the area, the second item in the proposed examination will be stricken. The request in the first item with respect to reports relating to the accident goes beyond the limited discovery, permissible under section *1000 296 of the Civil Practice Act. If it should appear that a general discovery is necessary and production under section 296 is found insufficient, plaintiff may still seek a discovery. (Ayew v. Hawes & Co., 258 App. Div. 579.) With respect to plaintiff’s anticipation that the two specified witnesses might not have knowledge of the facts on which they are to be examined, it has been held that a corporate body has the right in the first instance to produce the officer or employee having knowledge of the particular facts, leaving for a further direction by the court the production of other witnesses should those produced have inadequate knowledge. (United States Overseas Airlines v. Cox, 283 App. Div. 31; New York Tel. Co. v. City of New York, 248 App. Div. 474; Titterington v. Pioneer Instrument Co., 254 App. Div. 699.)
Motion is accordingly granted to the extent that defendant may be examined with respect to all relevant facts and circumstances in connection with the accident, provided that plaintiff serve on defendant a bill of particulars at least 10 days before the examination. Relevant books, papers, reports, etc., are to be produced pursuant to section 296 of the Civil Practice Act. Let the examination proceed on June 20,1959 at 10:00 a.m. at Special Term, Part II, of this court.