Jacob J. Schwabtzwald, J.
Plaintiff corporation moves to strike out defendant’s answer for his failure to submit to examination before trial pursuant to notice, and for an order directing judgment in plaintiff’s favor. Defendant cross-moves to examine before trial as a witness one Favor, “ husband of Mary Kraft, the principal officer, director and stockholder of the plaintiff corporation.”
The action is one to recover a sum of money held in escrow under a contract entered into between defendant as seller and the afore-mentioned Mary Kraft, plaintiff’s assignor, as purchaser, for the sale of a restaurant, bar and grill. It appears that the application for the issuance of a liquor license, contemplated by the terms of the contract, was made by plaintiff corporation, to whom the contract had been assigned by Mary Kraft,
*456 Plaintiff appears willing to produce Mary Kraft to bo examined before trial, but it is contended by the defendant that he is entitled to examine, as well, Mary Kraft’s husband as an “ agent ” of the corporation or, at any rate, as a witness if it is claimed that Favor is not an agent.
It seems that defendant’s contention is based upon substantially the following fact: That the contract of sale, though providing that the sale was subject to the purchaser or assigns obtaining from the State Liquor Authority approval of a restaurant liquor license, failing which the deposit Avas to be returned to the purchaser, also contained a representation that 1 ‘ the purchasers have not been arrested or convicted of any crime.” It is defendant’s argument that Favor’s deposition Avith respect to. the items specified in the defendant’s notice of cross motion is essential “ because the denial of the plaintiff’s application which was made on behalf of said corporate plaintiff by Mary Kraft Avas based upon the criminal record of her husband,” Favor.
As to plaintiff’s motion to strike the defendant’s ansAvcr and for judgment, I am of the opinion that the circumstances leading up to the instant applications, as revealed in the affidavits submitted herein, do not disclose such Avillfulness on the part of defendant, respecting the examination desired by plaintiff, as Avould Avarrant the unconditional granting of the drastic relief sought. In the exercise of tire ample discretion alloAved to the court upon a motion of this character (Kalius v. Sadcicca, 6 A D 2d 815), the plaintiff’s motion is granted unless defendant submits, at a time and place to be agreed upon by the parties, to the examination; and if the parties fail to so agree, then at a time and place to be fixed by the court.
Addressing myself next to the defendant’s cross motion to take the deposition of Favor, I am of the opinion that such motion should be denied. Even if it is assumed that the items as to Avhich the examination is sought are material and necessary, defendant is not entitled, on the present record at any rate, to an examination of Favor. There is no shoAving to support defendant’s assertion that Favor is an agent of the corporation, a claim which is disputed by plaintiff; and, in any event, the corporation is not required in the first instance to produce any particular officer or employee but may produce for examination any officer or employee having knowledge of the facts. (Hansen v. City of New York, 283 App. Div. 891; United States Overseas Airlines v. Cox, 283 App. Div. 31.) Indeed, it Avould appear in the situation herein presented that Mary Kraft, Avhose examination before trial apparently is not opposed, Avoulcl *457 be the person most likely to be possessed of all the facts concerning which the deposition of Favor is desired.
Moreover, Favor not being a party to the action, cannot be examined before trial as a witness without a showing of ‘ ‘ special circumstances ” within the meaning of section 288 of the Civil Practice Act. Considering the facts in the light of the situation revealed herein, it cannot be said that such special circumstances are shown to exist.
Accordingly, defendant’s cross motion is denied, without prejudice however to a renewal thereof following the examination before trial of Mary Kraft, if the circumstances then so warrant. Settle orders on notice.