■ In the Matter of the Arbitration between MILTON C. BLUM, INC., Respondent, and C. ITOH & Co. (AMERICA) INC., Appellant.— Order entered April 9, 1964 directing that arbitration proceedings be permanently stayed, unanimously reversed on the law and on the facts, with $30 costs and disbursements to abide the event, and the matter remanded for a hearing on the issue of the authority of Martin Gross & Co., as broker, to bind the petitioner-respondent as its agent to agreement for arbitration contained in sales note. The affidavits submitted on the motion present a conflict as to the authority of the said agent to act on behalf of the petitioner-respondent. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.

■ NECCHI S. p. A., Appellant, v. NELCO SEWING MACHINE CO., INC., et al., Respondents.— Order entered on June 19, 1964, modifying defendants' notice of examination before trial and naming Gino Gastaldi, plaintiff's former vice-president and director, as the first person to be examined by the defendants, unanimously modified, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to appellant, by eliminating from defendants' notice of examination before trial all named witnesses and permitting the examination of the plaintiff to proceed upon the production by the plaintiff of a witness having knowledge of the facts. There are no special circumstances in this case to depart from the general rule as set forth in *United States Overseas Airlines* v. *Cox* (283 App. Div. 31) that a corporation to be examined may produce an officer or employee having knowledge of the facts under inquiry and the choice of witnesses does not rest in the first instance with the examining party. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.

■ In the Matter of the Probate of the Will of PAUL PASQUIER, Deceased. LYMAN STANSKY et al., as Executors of PAUL PASQUIER, Deceased, Appellants; SAMUEL J. NACHWALTER, as Special Guardian, Respondent.— Supplemental decree unanimously modified, on the law and the facts and in the exercise of discretion, by reducing the allowance of the special guardian, Samuel J. Nachwalter, from the sum of $450 to the sum of $200 as compensation for his services, and, as so modified, affirmed, without costs and without disbursements. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.