■ NORVA ROHDE, an Infant, by EUGENE ROHDE, Her Parent, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49646.) — REYNOLDS, J. Appeal from two orders of the Court of Claims, the first ordering an examination before trial of certain designated representatives of the State and the production by the State of certain papers at that examination and the second modifying the first order by requiring the State to produce certain additional named representatives and additional documents. The State seeks to have the second order vacated entirely and the first order modified by deleting all provisions relating to the examination of State officers and the production of documents other than the record plans and reports of *prior* accidents. We cannot agree. Disclosure is required of " all evidence material and necessary " (CPLR 3101, subd. [a]). What is "material and necessary" is "interpreted liberally"; the test being " one of usefulness and reason " (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 406). Discovery is permitted of evidence " which is sufficiently related to the issues in litigation to make the effect to obtain it in preparation for trial reasonable". (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07, p. 31–15.) The State urges that since it has no duty to reconstruct or modernize its highway (citing *Kaufman* v. *State of New York*, 27 A D 2d 587) and notice of the highway condition is not material to a claim based on negligent construction (citing *Costa* v. *Kjellgren Constr. Co.*, 18 A D 2d 1075), reconstruction plans and recommendations are not proper subjects for disclosure. Assuming *arguendo* the correctness of the State's position this argument overlooks the fact that here respondent's claim asserts several additional bases of liability against the State including in particular that the State was negligent in failing to warn users of the highway of the unsafe and dangerous condition. Notice is clearly a required element of proof for such a claim, and, accordingly, the disclosure involved was properly ordered. Nor was it improper, considering what transpired at the earlier examination before trial, to specify in the order named individual employees of the State to be examined (e.g., *United States Overseas Airlines* v. *Cox*, 283 App. Div. 31, 32; *Hansen* v. *City of New York*, 283 App. Div. 891). Orders affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.