■ S. S. SILBERBLATT, INC., Respondent, v AMERICAN PECCO CORPORATION et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County, entered in the office of the clerk on December 3, 1975, which granted plaintiff's motion for a protective order vacating a notice to take the deposition of various employees and former employees of plaintiff and which denied defendants-appellants' cross motion to compel production of the witnesses named in the notice (except that it directed one Frank Ross to appear for examination before trial), unanimously modified, on the law and in the exercise of discretion, as hereinafter ordered, and otherwise affirmed, without costs and without disbursements. In this suit for damages allegedly resulting from the improper functioning of cranes leased by appellants to plaintiff for use in a construction project, the appellants have already examined three officials of plaintiff construction company. Appellants sought in the court below further examination of certain of these officials and in addition, the examination of two foremen, five crane opera-

---

tors, four members of a maintenance crew, a clerk in charge of recordkeeping, plaintiff's chief operating officer and said Frank Ross, who was one of the plaintiff's employees in charge of the building project. Appellants were seeking to establish the experience of the crane operators, the instructions they received, the method used in operating the crane, the crane usages, the weights and loads lifted, as well as the claimed frequency of the breakdowns of the cranes and the maintenance of and the repairs performed on the said cranes. We agree that although ordinary legal procedure permits a corporation to determine which of its representatives are to be submitted for examination *(United States Overseas Airlines v Cox,* 283 App Div 31), nevertheless, defendants-appellants are not barred from seeking further discovery (cf. *Wallach v Northeast Airlines,* 15 Misc 2d 762). There appears to be merit to appellants' contention that the requested examinations of plaintiff's employees may be necessary. The witnesses already examined apparently did not possess personal knowledge of the operations, repairs and breakdowns of the cranes. It would be appropriate, however, in order to avoid undue burden on plaintiff's present operations, to permit examination of the persons specified only upon a demonstration as to the need of taking each one's examination. Because the testimony of these proposed witnesses is required solely for the purpose of determining actual operating and maintenance procedures on the job, as well as time lost through breakdowns, it may be that a particular witness in each grouping of employees requested may provide sufficient information if all the relevant records are produced at his examination. Thus, when further examinations are held, the records requested should be made available since they are relevant. In addition, it is noted that some inspection of their contents has already occurred. Accordingly, the order below is modified to permit defendants-appellants to reapply at Special Term for further examination before trial of additional witnesses but only upon a detailed showing of the necessity for taking the deposition of each such witness. The suggested application should also include a showing as to the evidence since taken from the witness Ross so that the court below will be in a better position to determine which witnesses should be the subject of examination. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.