■ ROBERT N. LOUNSBURY et al., Appellants, v NEW YORK STATE ELECTRIC AND GAS CORP., Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County, dated May 18, 1977, as denied the branches of their motion which sought (1) an examination before trial of two of respondent's employees and (2) to compel respondent to produce a copy of its document on construction standards. Order reversed insofar as appealed from, with $50 costs and disbursements, and the said branches of plaintiffs' motion are granted. Although ordinary procedure permits a corporation to designate which of its representatives will be available for examination, the adverse party is not barred from seeking further discovery where the testimony of the witness produced is inadequate (S. S. Silberblatt, Inc. v American Pecco Corp., 52 AD2d 824). The CPLR provides that there shall be full disclosure by a corporate party and its employees of all evidence which is material and necessary to prosecute the cause of action (CPLR 3101, subd [a]; Allen v Crowell-Collier Pub. Co., 21 NY2d 403, discussed in 43 St. John's L Rev 324). The court is empowered to supervise the disclosure where the probing party seeks to annoy or harass the opposition (CPLR 3103, subd [a]). But where the probing party specifically alleges the nature of the inadequacy of the witness first produced by a corporate party and demonstrates the relationship of that inadequacy to the probing party's causes of action, further discovery should be permitted (see Besen v C. P. L. Yacht Sales, 34 AD2d 789). In this case it appears that the testimony of the two linemen who responded to the scene of the accident 45 minutes after it took place is material and necessary to the prosecution of the claim. Those two employees could testify as to (1) the condition of the pole at that time, (2) the materials on the pole and which materials were replaced at that time and (3) which of the two wires was down. The testimony of the employee produced by respondent was based upon visits to the scene of the accident after the repairs had taken place. He did not have any report which had been filled out by the linemen. Special Term therefore improperly denied the branch of

the motion which sought further depositions. Additionally, the denial of plaintiffs' motion for production of the book entitled Construction Standards was clearly erroneous. Certainly, the respondent's self-imposed construction and maintenance standards are relevant to the question of whether it exercised reasonable care when it installed and maintained its electrical pole (see *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 239). Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.