■ ROBERT HEILBERG et al., Appellants, v RAYMON ROSARIO et al., Defendants, and CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated October 7, 1980, as denied the branch of their motion which sought to depose the defendant City of New York by a specified police officer in its employ. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiffs sought an order requiring the defendant City of New York to submit to an examination before trial by a person designated by them. Ordinarily, a corporation has the right in the first instance to select the officers or employees through whom it is to be examined (see *Fernandez v St. John's Episcopal Hosp., South Shore Div.,* 70 AD2d 627; *Lonigro v Baltimore & Ohio R.R. Co.,* 22 AD2d 918): Only where special circumstances exist may the probing party be permitted to designate the individuals who are to appear on behalf of the corporation (see *Wallach v Northeast Airlines,* 15 Misc 2d 762). Plaintiffs have not shown any special circumstances that would require deviation from the general rule. Plaintiffs are not, however, foreclosed from seeking further discovery if the testimony of the representative produced is inadequate, and they specifically allege the nature of the inadequacy and demonstrate the relationship of that inadequacy to the affirmative claims asserted (see *Lounsbury v New York State Elec. & Gas Corp.,* 62 AD2d 1033). Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.