■ EDNER VERNA, Appellant, v VILLAGE OF SPRING VALLEY et al., Respondents.—In an action, *inter alia,* to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated April 19, 1988, which denied his motion to compel the defendant Village of Spring Valley to produce two named employee police officers for depositions.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the motion which was to compel the village to produce Police Officer Reginald Anderson for a deposition, and substituting therefor a provision

granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the deposition of Police Officer Reginald Anderson shall take place at a time and location specified in a written notice of at least 10 days to be given by the plaintiff, or at such time and location as the parties may agree.

On November 1, 1986, the defendant Mieczkowski, a Village of Spring Valley Police Officer, and two other police officers allegedly detained the plaintiff and subjected him to a strip search in a public place. Claiming that he suffered great humiliation and emotional distress, the plaintiff has sued the village and Mieczkowski, *inter alia,* to recover damages for intentional infliction of emotional distress and violation of his civil rights.

Initially, the plaintiff was permitted to depose only the defendant Mieczkowski and the village's Chief of Police. The Chief of Police never in fact appeared for a deposition, having retired and left Spring Valley. Subsequently, the plaintiff moved to compel the village to produce for deposition the other two police officers involved in this incident—Reginald Anderson and Robert Bookstein. The village opposed and the Supreme Court denied the plaintiff's motion, finding that the plaintiff had failed to demonstrate that the defendant Mieczkowski possessed insufficient knowledge or that his deposition testimony was otherwise inadequate. We disagree and believe that the plaintiff demonstrated his entitlement to a deposition of Officer Anderson.

Although the parties disagree as to whether the defendant Mieczkowski ordered the search of the plaintiff's person, it is undisputed that it was Officer Anderson who actually conducted this search. Since the search was not conducted in Mieczkowski's immediate presence and the stories of the plaintiff and Mieczkowski diverge at important points, Officer Anderson possesses such particular knowledge of the facts as to warrant compelling his deposition.

Since the plaintiff presents no facts warranting an examination before trial of the other officer who was not directly involved in the strip search, we decline to direct a deposition of that officer. Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.