■ HOME & CITY SAVINGS BANK, Respondent, v ROSE ASSO-CIATES, I, L.P., et al., Appellants. (Action No. 1.) WILLIAM F. DUKER et al., Respondents, v ROSE ASSOCIATES I, L.P., et al., Appellants. (Action No. 2.)—Harvey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered March 11, 1991 in Albany County, which, *inter alia,* denied defendants' motion and cross motion in action Nos. 1 and 2 for summary judgment dismissing the complaints.

Defendants Rose Associates I, L.P. (a Delaware limited partnership) and HCBC, Inc. (a Delaware corporation), were formed for the purpose of investing in and/or acquiring plaintiff Home & City Savings Bank (hereinafter plaintiff). Shortly after their formation, defendants purchased 9.9% of the outstanding shares of plaintiff. Following several unsuccessful attempts by plaintiff to block defendants in their pursuits, a series of negotiations took place between these parties which culminated in the formation of an acquisition agreement in December 1990. Defendants then assembled a "due diligence" team consisting of persons from various accounting, investment banking and law firms for the purpose of examining plaintiff's financial condition. After the due diligence review was completed in January 1991, defendants terminated the acquisition agreement.

Plaintiff then commenced action No. 1, alleging that defendants breached the acquisition agreement by not terminating it in good faith as called for in section 7.1 (d) (ii) of the agreement and also by violating the "stand still" provisions found in section 5.10 of that agreement by soliciting proxies for a then-upcoming shareholders' meeting. Plaintiff sought, among other things, a declaration that defendants did not validly terminate the acquisition agreement, damages for breach of contract, costs and counsel fees. Plaintiffs William F. Duker and Sharon M. Duker, shareholders of plaintiff, also commenced action No. 2 (which is substantively identical to action No. 1) against defendants seeking, among other things, a declaration that action No. 2 is maintainable as a class action pursuant to CPLR article 9.

Following commencement of its action, plaintiff moved by order to show cause for a hearing on a preliminary injunction and for expedited disclosure. In defendants' answers to both complaints, they raised several counterclaims and affirmative defenses. Defendants separately moved for summary judgment against plaintiffs in the two actions (which were eventually joined) or, in the alternative, a protective order vacating plaintiff's notice of depositions and request to produce documents. Thereafter, Supreme Court found essentially for plaintiff and the Dukers by denying defendants' requests for summary judgment against all plaintiffs as well as their request for a protective order against plaintiff. Defendants filed a notice of appeal from this order and this court granted a stay of all proceedings pending appeal.[1]

Initially, we reject defendants' contention that Supreme Court erred in denying defendants' motion for summary judgment against plaintiff in action No. 1. To prevail on a summary judgment motion, it is incumbent upon the moving party to tender evidentiary proof in admissible form sufficient to justify the direction of the drastic remedy of summary

---

1. In its order, Supreme Court also granted plaintiff's request for expedited discovery and invited submissions from the parties relating to the request for a preliminary injunction hearing. However, immediately following the entry of Supreme Court's order, plaintiff announced that TrustCo Bank Corporation agreed to acquire plaintiff's stock. Defendants then apparently withdrew their shareholder proposals and slate of directors from consideration at plaintiff's March 28, 1991 shareholders' meeting. As a result, plaintiff withdrew its earlier request for a preliminary injunction hearing. In addition, because there is no longer the need for expedited disclosure as the actions have essentially now become actions for damages for breach of contract, there is no need for us to discuss the propriety of the grant of expedited disclosure.

judgment in the movant's favor (CPLR 3212 [b]). "Once this requirement is met, the opposing party must then submit proof in admissible form sufficient to create a question of fact requiring a trial or demonstrating sufficient excuse for the failure to produce this material" *(Heffernan v Colonie Country Club,* 160 AD2d 1062 [citations omitted]; *see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Here, in support of their motion for summary judgment in action No. 1, defendants provided several sworn affidavits from individual members of the due diligence team generally describing the team's review and findings, as well as the team's concerns over such details as, for instance, financial information and documents allegedly missing from plaintiff's loan files. Timothy McGinn, a general partner of Rose Associates and the individual who terminated the acquisition agreement, stated that based on the reports provided by the due diligence team, he concluded, *inter alia,* that plaintiff's reserves for loan losses were understated by more than $10 million, the records were in such a state as to preclude a determination as to the collectibility of the classified loans, and there was a potential liability for postretirement benefits of $5.5 million. Accordingly, McGinn opined that plaintiff's financial position had materially and adversely changed since its last financial statement and, therefore, termination of the agreement was justified. In fact, defendants argue that even if the reports of the due diligence team were inaccurate, they were still entitled to summary judgment because the decision to terminate was reasonably made in reliance on those reports.

Looking to plaintiff's papers in opposition, it is our view that plaintiff sufficiently raised material questions of fact as to the "good faith" conclusions of defendants' due diligence team and the adequacy of the underlying investigation so as to render the granting of summary judgment to defendants inappropriate *(see, Auerbach v Bennett,* 47 NY2d 619, 634-635).[2] For instance, plaintiff's accountant maintained in a sworn affidavit that plaintiff's reserve for loan losses was fairly stated in accordance with generally accepted accounting

---

2. In *Auerbach v Bennett (supra),* the Court of Appeals indicated that where a corporate board bases a business decision on reports it receives, a court can inquire into the scope and thoroughness of the investigation from which those reports are generated *(supra,* at 634). While the case at bar does not directly involve the "business judgment" rule, the rule used in *Auerbach* is applicable because defendants based their "reasonable determin[ation] in good faith" on reports generated by independent sources.

procedures. Moreover, he disputed the due diligence team's assertion that a larger reserve was necessary because plaintiff, instead of creating a specific reserve for loans which are in danger of default, charged off those loans. Although in a reply affidavit defendants disputed the wisdom of plaintiff's "charge-off" policy, this sharp conflict of opinion simply highlights the many factual issues in this case and the necessity of their resolution at trial. The affidavit from plaintiff's senior commercial lending officer also casts doubts concerning defendants' assertions relating to allegedly missing loan documents. Further, inasmuch as one of the pivotal issues in this case is that of defendants' good-faith belief in terminating the agreement, a peculiarly factual issue *(see, e.g., Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank,* 135 AD2d 102, 109), and the papers do not convince us that this and other issues can be resolved as a matter of law, we decline to disturb Supreme Court's denial of defendants' summary judgment motion in action No. 1. Likewise, we find that the denial of defendants' cross motion in action No. 2 for summary judgment was also proper.

Next, we turn to defendants' motion for a protective order in action No. 1 with respect to plaintiff's various discovery requests. We conclude initially that Supreme Court properly denied defendants' motion for a protective order regarding plaintiff's request for documents. These requests were neither overbroad nor beyond the scope of this action. While plaintiff's demands were prefaced by the word "all", this did not automatically render them improper in this instance because they were otherwise specific enough to apprise defendants of the documents sought *(see, MCG Elecs. v Purcell,* 128 AD2d 843, 844; *see also, Breslauer v Dan,* 150 AD2d 324, 325). With respect to defendants' request for a protective order regarding plaintiff's notice seeking to depose certain persons who were not part of defendants' organizations, however, we reach a slightly different result. Although we agree with Supreme Court that plaintiff should be allowed to depose the four persons who participated in the due diligence review because they possess "such particular knowledge of the facts as to warrant compelling [their] deposition[s]" *(Verna v Village of Spring Val.,* 156 AD2d 360, 361), this conclusion does not hold true as to four record custodians employed by the firms involved in the due diligence review. These individuals did not participate in the review and plaintiff did not demonstrate that they possessed personal and specialized knowledge of the facts. Accordingly, the records which plaintiff sought to use at the deposition can be brought by the other deponents and the four record custodians should not be deposed at this time *(see,*

*supra; see also, S. S. Silberblatt, Inc. v American Pecco Corp.,* 52 AD2d 824, 825).

Defendants' remaining contentions with respect to a protective order have been examined and have been found to be either unpreserved for appellate review or without merit. As a final matter, we must state our agreement with Supreme Court's conclusion that the Dukers had the legal capacity to maintain action No. 2. "[A] stockholder may sue as an individual on a corporate contract where he [or she] is a person for whose benefit the contract was made" (12B Fletcher, Cyclopedia of the Law of Private Corporations § 5911, at 421 [perm ed]; *see also, Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 179). Significantly, in section 7.1 of the acquisition agreement, defendants agreed to buy the shares of plaintiff's shareholders for $24 per share cash plus $4 per share of subordinated debentures of defendants. This provision clearly shows that plaintiff's shareholders were intended to benefit from this agreement and, therefore, they could bring suit.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants in action No. 1 for a protective order as to the notice of depositions of the record custodians; motion granted to that extent; and, as so modified, affirmed.